# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| In re: | CASE NO. 6:10-bk-16177-KSJ |
| ISLAND ONE, INC., et al., | CHAPTER 11 |
| | Jointly Administered with Case Nos. 6:10-bk-16179-KSJ, 6:10-bk-16180-KSJ, 6:10-bk-16182-KSJ, 6:10-bk- 16183-KSJ, |
| Debtors. | 6:10-bk-16189-KSJ |
| _____/ | |

## APPLICATION OF ISLAND ONE, INC., ET AL. TO EMPLOY VIC FARIS AND WESTERN RESERVE PARTNERS, LLC AS DEBTORS' INVESTMENT BANKER
### *NUNC PRO TUNC TO SEPTEMER 10, 2010*

ISLAND ONE, INC., ET AL. (collectively the "Debtors"), hereby seek authorization to employ VIC FARIS ("Faris") and WESTERN RESERVE PARTNERS, LLC ("Western"), as their investment banker, pursuant to the terms of an Engagement Letter dated October 7, 2010, a copy of which is attached as Exhibit A, and, in support thereof, respectfully states:

### BACKGROUND

1. On September 10, 2010, Debtors filed their voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code (the "Code"). A trustee has not been appointed. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under §§1107(a) and 1108 of the Code.

2. Debtors are in the process of negotiating with its secured creditors and are retaining a broker to market their business.

3. In order to assist the Debtors with their duties under the Bankruptcy Code and other matters in this jointly administered bankruptcy case, the Debtors desire to employ Faris and Western as their investment banker.

4. Debtors seeks appointment of Western because of its extensive experience in providing investment banking services similar in matter to that needed by Debtors.

5. The professional services Western is to render include, without limitation:

   (a) preparing a marketing memorandum;

   (b) opening and updating a data room;

   (c) identifying, soliciting interest from and analyzing potential purchasers;

   (d) advising and assisting the Debtors in evaluating the various structures and forms of any purchase(s);

   (e) advising and assisting the Debtors in negotiating the financial agreement(s) and consummating the Transaction(s);

   (f) valuing offers;

   (g) providing testimony as necessary to the Bankruptcy Court concerning the highest and best offer

6. Debtors have discussed with Faris the availability of Western to be employed as Debtors' investment banker in this jointly administered case and to perform the services required by the estates.

7. The terms of employment are the subject of the Engagement Letter, attached as Exhibit A, between the Debtors and Western, which is subject to the approval of this Court. Except as set forth herein and in the verified statement filed contemporaneously with this application, and to Debtors' knowledge, Western represents no interest adverse to Debtors in matters upon which it is to be engaged, and employment of Western would be in the best interest of the estates.

8. Western does not represent the individual interest of any insider or affiliate of the Debtors.

9. Western will be paid an engagement fee of $25,000.00 and $20,000.00 per month, which will be credited against the Transaction Fee described below:

<u>Transaction Fee for Transaction</u>. For a Transaction, the fee payable to Western Reserve by the Company at the closing of any such Transaction (the "Transaction Fee") shall be as follows:

  i. 1.50% of the Transaction Value (as defined below) received from any prevailing third party bidder(s) (third party bidder is defined as any party other than a participating lender), which shall be distributed from the flow of funds of the Transaction (as described above); and

  ii. 1.00% of the Transaction Value associated a credit bid from a participating lender, which shall be paid in cash at the closing by the participating lender, so long as at least one other qualified bid by a financially qualified third party bidder(s) has been submitted for the asset(s) that is the subject of the credit bid.

The entire agreement between Western and the Debtors is attached hereto as **Exhibit "A"**.

10. All compensation shall be subject to approval of the Court upon proper application and notice in accordance with 11 U.S.C. § 330.

11. Debtors believe the employment of Western is in the best interests of the estates.

**WHEREFORE,** ISLAND ONE, INC., ET AL., respectfully request the entry of an order authorizing the Debtors to retain Vic Faris and Western Reserve Partners, LLC as their

investment banker in the matters described in this application *nunc pro tunc* to September 10, 2010, and for such other and further relief as is just and proper.

**DATED** this 7th day of October, 2010.

/s/ Elizabeth A. Green
Elizabeth A. Green
Florida Bar No. 0600547
egreen@bakerlaw.com
Jimmy Dale Parrish, Esq.
Florida Bar No. 0526401
jparrish@bakerlaw.com
Tiffany D. Payne
Florida Bar No. 0421448
tpayne@bakerlaw.com
**BAKER & HOSTETLER, LLP**
200 S. Orange Ave.
SunTrust Center, Suite 2300
Orlando, Florida 32801-3432
Telephone:(407) 649-4000
Facsimile: (407) 841-0168
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | CASE NO. 6:10-bk-16177-KSJ |
| ISLAND ONE, INC., et al., | CHAPTER 11 |
| | Jointly Administered with Case Nos. 6:10-bk-16179-KSJ, 6:10-bk-16180-KSJ, 6:10-bk-16182-KSJ, 6:10-bk- 16183-KSJ, |
| Debtors. | 6:10-bk-16189-KSJ |
| _____/ | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2010, a true and correct copy of this **APPLICATION OF ISLAND ONE, INC., ET AL. TO EMPLOY VIC FARIS AND WESTERN RESERVE PARTNERS, LLC AS DEBTORS' INVESTMENT BANKER *NUNC PRO TUNC TO SEPTEMBER 10, 2010*,** has been furnished via electronic transmission using the Court's CM/ECF System to those parties requesting such notice, and on October 8, 2010 via U.S. First Class mail, postage prepaid, to: Island One, Inc., c/o Deb Linden, 8680 Commodity Circle, Orlando, FL 32819; Victor Faris, Western Reserve Partners, LLC, 200 Public Square, Suite 3750, Cleveland, OH 44114; the United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801; and to all Local Rule 1007-2 Parties-in-Interest as shown on the attached matrix.

DATED: October 7, 2010.

/s/ Elizabeth A. Green
Elizabeth A. Green

103556007

![Western Reserve Partners LLC logo]

PARTNERS LLC

200 Public Square . Suite 3750 . Cleveland, Ohio 44114
Phone: (216) 589-0900 . Fax: (216) 589-9558 . www.wesrespartners.com

October 7, 2010

**CONFIDENTIAL**

Ms. Deborah Linden
Chief Executive Officer
Island One Inc.
8680 Commodity Circle
Orlando, FL 32819

Dear Ms. Linden:

This agreement sets forth the terms and conditions under which Island One Inc. (the "Company") will engage Western Reserve Partners LLC ( Western Reserve"), subject to approval of the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"), as its exclusive financial advisor in connection with the possible sale of the Company but excluding any assets of the Company on which BB&T holds a first priority lien (collectively, the "BB&T Collateral"). This agreement shall supersede any and all other prior engagement letters executed by the Company with respect to financial advisory services provided to the Company. The Company and certain of its affiliates are presently debtors-in-possession (together with the Company, collectively, the "Debtors") in chapter 11 cases (the "Bankruptcy Cases") pending before the Bankruptcy Court.

1. <u>Scope of Services</u>. During the term of its engagement hereunder and subject to the approval of the Bankruptcy Court, Western Reserve will provide such financial advisory and investment banking services and assistance in connection with the Transaction or Transactions (as defined below) as are customary and appropriate in engagements of this type and as may be reasonably requested by the Company. Such services will include, but are not limited to, preparing a marketing memorandum; opening and updating a data room; identifying, soliciting interest from and analyzing potential purchasers; advising and assisting the Company in evaluating the various structures and forms of any purchase(s); assisting in the evaluation of any offers; advising and assisting the Company in negotiating the financial aspects of the Transaction(s); assisting the Company and its counsel in negotiating definitive agreement(s) and consummating the Transaction(s); valuing offers; holding weekly marketing update meetings with the Company's secured lenders; and providing testimony as necessary to the Bankruptcy Court concerning the highest and best offer. For purposes of this agreement, a "Transaction" means (a) any merger, consolidation, reorganization, recapitalization, financial restructuring or other transaction or series of related transactions pursuant to which the Company or a portion of its assets is, directly or indirectly, acquired by or combined with any person or group of persons or (b) any acquisition, directly or indirectly, by any person or group of persons, in a single transaction or series of related transactions, of (i) any material assets or business of the Company or (ii) securities representing a material interest in the ownership or voting rights of the Company; or (c) any sale or transfer of the any of the indebtedness of the Company to a third party holder involved as part of any of the foregoing transactions; or (d) any



transaction or series of related transactions involving the Company or any of its subsidiaries or affiliates (including, without limitation, any repurchase, redemption, reverse stock split or subdivision or combination of shares) that results, directly or indirectly, in any of the events set forth under clauses (a) or (b) or (c) above. For the avoidance of doubt, a Transaction shall not include a transaction(s) involving the BB&T Collateral.

2. <u>Fees and Expenses</u>. For Western Reserve's services hereunder, the Company will compensate Western Reserve as follows:

(a) <u>Base Fee</u>. Upon execution of this agreement, the Company will pay Western Reserve an initial engagement fee in the amount of $25,000 (the "Base Fee").

(b) <u>Monthly Fee</u>. The Company will pay Western Reserve a monthly fee (the "Monthly Fee") in the amount of $20,000 per month. The Base Fee payment will constitute the first Monthly Fee and is to be paid upon execution of this agreement and subsequent Monthly Fee payments are to be paid on each 30th day thereafter. Amounts paid by the Company for the Base Fee or any Monthly Fee thereafter shall be credited against the Transaction Fee described below.

(c) <u>Transaction Fee for Transaction</u>. For a Transaction, the fee payable to Western Reserve by the Company at the closing of any such Transaction (the "Transaction Fee") shall be as follows:

  i. 1.50% of the Transaction Value (as defined below) received from any prevailing third party bidder(s) (third party bidder is defined as any party other than a participating lender), which shall be distributed from the flow of funds of the Transaction (as described above); and

  ii. 1.00% of the Transaction Value associated a credit bid from a participating lender, which shall be paid in cash at the closing by the participating lender, so long as at least one other qualified bid by a financially qualified third party bidder(s) has been submitted for the asset(s) that is the subject of the credit bid.

For purposes of this agreement, "Transaction Value" means the sum of, without duplication: (i) any and all cash paid, directly or indirectly, for the assets, business or capital stock of the Debtors; (ii) the fair market value of any and all assets, securities or other property or rights transferred, directly or indirectly, in payment for the assets, business or capital stock of the Debtors, including, without limitation, payments to be made under noncompetition or similar arrangements and any deferred or contingent payments or potential payments, including under any earn-out or escrow arrangements; provided that the value of debt instruments for which there is no established trading market shall be the purchase amount thereof; (iii) the principal amount of any indebtedness for borrowed money (including capitalized lease obligations, but excluding trade payables and accrued operating expenses) assumed, repaid, refinanced, restructured, modified, or acquired by the purchaser in any Transaction; and (iv) the aggregate amount of any dividends or other distributions declared or paid by the Company with respect to

its capital stock after the date of this agreement, other than normal recurring cash dividends in amounts not materially greater than currently paid.

For purposes of determining the Transaction Value, the fair market value (calculated as of the closing date of a Transaction(s)) of any assets, securities, property or other rights shall be (i) in the case of securities for which there is an established trading market, the closing sale price of the securities on the trading day preceding the date of the closing of a Transaction, and (ii) in the case of any assets, securities other than those for which there is an established trading market, property or rights, as mutually agreed upon in good faith by the Company, Western Reserve and those participating lenders whose collateral is the subject of the Transaction for which such assets or securities are a component of the purchase price; provided, however, that if the parties cannot so agree, they shall submit the dispute to the Bankruptcy Court for a final determination. Any information available to the Company for purposes of calculating the amount of any component of the Transaction Value shall be made available to Western Reserve by the Company upon request.

(d) <u>Expenses</u>. The Company will reimburse Western Reserve for all reasonable documented out of pocket expenses incurred by Western Reserve in connection with the performance of its services under this agreement, as and to the extent approved by the Bankruptcy Court, including but not limited to reasonable fees and expenses of Western Reserve's legal counsel; provided, however, that such expenses shall not exceed $20,000 without the prior approval of the participating lenders. Western Reserve will render invoices for such expenses to the Company on a quarterly basis during Western Reserve's engagement and at the conclusion of the engagement.

All invoices will be due and payable within 30 days after date of issuance (subject to approval of the Bankruptcy Court), except for those invoices related to the consummation of a Transaction, which are due and payable in full upon closing of any such Transaction. The Company agrees to reimburse Western Reserve for all expenses, including but not limited to reasonable attorneys' fees, actually and reasonably incurred by Western Reserve in connection with enforcing the Company's obligation to pay Western Reserve for such fee or to reimburse Western Reserve for such expense as provided by this agreement.

3. <u>Coordination; Access to Information</u>. The Company and its directors and executive officers will promptly inform Western Reserve and the Company's Chief Sale Officer of any inquiry they may receive concerning the possible acquisition of the Company or availability of all or a portion of the stock or assets of the Company for purchase. During the period of the engagement contemplated by this agreement, neither the Company nor any of its directors or executive officers, with the exception of the Company's Chief Sale Officer, will initiate any discussions with respect to a sale of the Company without first consulting Western Reserve. Western Reserve will coordinate and cooperate with the Company's Chief Sale Officer throughout the sale process, which shall include contacting potential investors, discussing and analyzing potential transaction structures and providing weekly process updates to the Company's secured lenders.

The Company will provide Western Reserve with access to the Company's officers, directors, advisors and facilities and furnish or cause to be furnished to Western Reserve all information relating to the Company or a Transaction as Western Reserve reasonably deems necessary or appropriate in connection with its engagement. The Company agrees that all information provided to Western Reserve

by the Company or its directors, officers, advisors or other representatives in connection with this engagement will be provided in good faith, and the Company, its directors, officers or other representatives will have no liability for the truth and accuracy of the information. The Company acknowledges and agrees that Western Reserve will be using publicly available information and information in reports and other materials provided by others, including information provided by or on behalf of the Company and any prospective purchaser, and that Western Reserve does not assume any responsibility for, and may rely without independent verification on the accuracy and completeness of, any such information, and that Western Reserve will not make an appraisal of any assets or liabilities of the Company or any prospective purchaser.

4. <u>Certain Acknowledgements</u>. The Company represents that it is a sophisticated business enterprise that has retained Western Reserve solely as an advisor for the limited purposes set forth in this agreement. The parties acknowledge and agree that their respective rights and obligations under this agreement are contractual in nature. Each party disclaims any intention to impose fiduciary obligations on the other by virtue of this agreement or the engagement contemplated hereby, and this agreement shall not be so construed. This agreement is solely for the benefit of the parties hereto, the indemnified persons described in Appendix A hereto, and their respective successors and assigns, and no other person shall acquire or have any right under or by virtue of this agreement or the performance of any services in connection with the engagement contemplated by this agreement. No fee payable to any other financial advisor by the Company or any other company in connection with the subject matter of this engagement shall reduce or otherwise affect any fee payable to Western Reserve hereunder.

5. <u>Announcement</u>. If a Transaction is completed, Western Reserve may, at its option and expense, and subject to the Company's review, place advertisements or announcements in such newspapers, periodicals, mailings or other publications as it may choose, stating that Western Reserve acted as financial advisor to the Company in connection with a Transaction.

6. <u>Indemnification, Contribution and Reimbursement</u>. The Company agrees to the provisions with respect to its indemnification of Western Reserve and the other matters set forth in Appendix A hereto, which is incorporated by reference into this agreement. The Company's agreements in this paragraph and Appendix A are a material inducement to Western Reserve's entering into this engagement.

7. <u>Term of Engagement</u>. Either Western Reserve or the Company may terminate Western Reserve's engagement hereunder at any time, with or without cause, by giving written notice of such termination to the other party. Upon any such termination, neither party will have any liability or continuing obligation to the other; provided, however, that: (i) the provisions of Appendix A to this agreement shall survive any such termination; (ii) the Company shall remain liable for Western Reserve's fees earned and expenses incurred through the date of such termination and these fees and expenses shall be paid within 30 days from the date of the termination letter; and (iii) Western Reserve shall provide the company with a list of parties contacted by Western Reserve ("Contacted Parties") and if a Transaction is consummated within 12 months of the termination of Western Reserve's engagement or if a definitive agreement with respect to a Transaction is entered into during such period and subsequently consummated with one of the Contacted Parties, the Company shall be obligated to pay Western Reserve the Transaction Fee in accordance with the terms of this agreement. If Western Reserve is terminated for

cause, then no Transaction Fee shall be payable, although Western Reserve shall be entitled to reimbursement of expenses and monthly fees earned through the date of termination.

8. <u>WAIVER OF JURY TRIAL</u>. EACH PARTY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY SUIT, ACTION, CLAIM OR PROCEEDING (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATING TO OR ARISING OUT OF THIS AGREEMENT, THE ENGAGEMENT OF WESTERN RESERVE PURSUANT HERETO OR THE PERFORMANCE BY WESTERN RESERVE OF THE SERVICES CONTEMPLATED BY THIS AGREEMENT.

9. <u>Governing Law; Miscellaneous</u>. This agreement (which shall always be deemed to include all appendices hereto) shall be governed by and construed in accordance with the laws of the State of Florida and jurisdiction over any dispute related to this agreement shall be in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, without regard to conflicts-of-law principles, and shall be binding upon and inure to the benefit of the Company, Western Reserve, the indemnified persons described in Appendix A, and their respective successors and assigns. This agreement may not be amended or modified except in a writing signed by an authorized officer of Western Reserve and the Company which specifically references this agreement. The paragraph headings used in this agreement are intended only for convenience of reference and shall be disregarded in interpreting its provisions. The use of any particular pronoun in this agreement is not intended to be restrictive as to gender or number; rather, the masculine includes the feminine and neuter, the singular includes the plural, and vice-versa, as the context may require.

If the foregoing accurately sets forth the terms of our agreement, please sign in the space indicated below and return to us a duplicate copy of this letter, at which time this letter will become a mutually binding obligation.

                                       Very truly yours,

                                       WESTERN RESERVE PARTNERS LLC

By: _____
                                       Victor F. Faris, Managing Director

Agreed to as of the above date:

Island One Inc.

By: _____
      Deborah L. Linden
      Chief Executive Officer

# APPENDIX A

## INDEMNIFICATION AND CONTRIBUTION

This Appendix A is a part of and incorporated into that certain letter agreement dated October 7, 2010 (the "Agreement") between Western Reserve Partners LLC ("Western Reserve") and Island One Inc. (the "Company").

(a) If Western Reserve, any affiliate of Western Reserve, or any employee, agent, officer, director, manager, attorney, member or shareholder of Western Reserve or of any such affiliate (any or all of the foregoing being hereinafter referred to as an "Indemnified Person") becomes involved in any capacity in any legal or administrative action, suit, proceeding, investigation or inquiry brought by or against any person, including securityholders of the Company, in connection with, arising out of, based upon, or in any way related to the engagement described in the Agreement, the Company periodically will reimburse each Indemnified Person for his reasonable legal and other actual documented out of pocket expenses (including but not limited to the costs of any investigation and preparation) reasonably incurred in connection therewith upon presentation of appropriate statements therefor; provided, however, that if it is finally judicially determined by a court of competent jurisdiction in any such action, suit, proceeding, investigation or inquiry that any loss, claim, damage or liability of an Indemnified Person has resulted primarily and directly from the gross negligence or willful misconduct of such Indemnified Person in performing the services which are the subject of the Agreement, such Indemnified Person shall repay such portion of the reimbursed amounts that is attributable to expenses incurred in relation to the act or omission of such Indemnified Person which is the subject of such holding. The Company also will indemnify and hold each Indemnified Person harmless from and against any losses, actions, claims, damages or liabilities which such Indemnified Person may suffer or incur in connection with any matter related to the engagement described in the Agreement, except only if and to the extent it is finally judicially determined by a court of competent jurisdiction that such loss, action, claim, damage or liability has resulted primarily and directly from the gross negligence or willful misconduct of such Indemnified Person in performing the services that are the subject of the Agreement.

(b) If for any reason the foregoing indemnification is unavailable to an Indemnified Person or insufficient to hold him harmless, then the Company shall contribute to the amount paid or payable by such Indemnified Person as a result of such loss, action, claim, damage or liability in such proportion as is appropriate to reflect (i) the relative benefits to the Company and its securityholders on the one hand, and Western Reserve and the other Indemnified Persons on the other hand, in connection with the transaction to which such exculpation, indemnification or reimbursement relates, or (ii) if allocation on that basis is not permitted by applicable law, to reflect not only the relative benefits referred to in clause (i) above but also the relative fault of the Company, Western Reserve and the other Indemnified Persons with respect to such loss, action, claim, damage or liability and any other relevant equitable considerations; provided, however, that in no event shall the amount to be contributed by all Indemnified Persons in the aggregate exceed the amount of the fees received by Western Reserve under the Agreement.

(c) The Company shall be liable for any settlement of any claim against any Indemnified Person made with the Company's written consent, which consent shall not unreasonably be withheld. The Company shall not, without the prior written consent of Western Reserve which shall not be unreasonably withheld, settle, compromise or discharge any claim or permit a default or consent to the entry of any judgment in respect thereof, unless such settlement, compromise, discharge or consent includes, as an unconditional term thereof, the giving by the claimant to Western Reserve and each Indemnified Person of an unconditional release from any and all liability in respect of such claim.

(d) Each Indemnified Person shall have the right to retain counsel of his own choice to represent such Indemnified Person in connection with any matter as to which the provisions of this Appendix A apply. The reimbursement, indemnity and contribution obligations of the Company under this Appendix A shall be in addition to any liability which the Company may otherwise have, and shall be binding upon and inure to the benefit of the respective successors, assigns, heirs and personal representatives of the Company and each Indemnified Person. No Indemnified Person shall have any liability to the Company or its securityholders for or in connection with any matter referred to in this Appendix A or elsewhere in the Agreement except to the extent that any losses, actions, claims, damages, liabilities or expenses incurred by the Company result primarily and directly from the gross negligence or willful misconduct of Western Reserve or such Indemnified Person in performing the services that are the subject of the Agreement. The provisions of this Appendix A shall survive any termination, expiration or completion of the engagement provided by the Agreement.

```
Label Matrix for local noticing          AMERICAN EXPRESS,INC.                    (c)AUTOMATED MERCHANT SYSTEMS, INC.
113A-6                                   PO BOX 360001                            C/O KEVIN E. MANGUM, ESQ.
Case 6:10-bk-16177-KSJ                   FT LAUDERDALE, FL 03333-6001             101 SUNNYTOWN RD STE 300
Middle District of Florida                                                        CASSELBERRY FL  32707-3862
Orlando
Thu Oct  7 19:02:29 EDT 2010

CIT TECHNOLOGY FIN SERV, INC.            Campbell, Ken                            Stewart Cohen
21719 NETWORK PLACE                      8400 Darlene Drive                       Stewart Cohen PA
CHICAGO, IL 60673-0001                   Orlando, FL 32836-5902                   1510 East Colonial Drive
                                                                                  Suite 305
                                                                                  Orlando, FL 32803-4790


Comfeld, Robert                          DEX IMAGING INC                          Denise D Dell-Powell
3850 Hollywood Blvd.                     5109 W. LEMON STREET                     Burr & Forman LLP
Suite 1400                               TAMPA, FL 33609-1102                     450 S Orange Avenue
Hollywood, FL 33021-6748                                                          Suite 200
                                                                                  Orlando, FL 32801-3385


E-TECHSERVICES.COM, INC.                 FLORIDA POWER CORP.                      Fey, Larry
5220 SW 91ST TERRACE                     DBA PROGRESS ENERGY FLORIDA              Kolodziej Eisen and Fey
GAINESVILLE, FL 32608-7124               PO BOX 33199                             10061 West Lincoln Highway
                                         ST PETERSBURG, FL 33733-8199             Farnfort IL 60423-1272


Steven E Fox                             Gibellina, Ronald                        Elizabeth A Green
Epstein Becker & Green PC                4513 Grove                               Baker & Hostetler LLP
250 Park Avenue                          Brookfield, IL 60513-2556                200 S Orange Ave
New York, NY 10177-1211                                                           Suntrust Center, Suite 2300
                                                                                  Orlando, FL 32801-3410


INTERVAL INTERNATIONAL INC               Island One, Inc.                         Jaguar Credit
ATTN: ACCOUNTING DEPARTMENT              8680 Commodity Circle                    c/o Roger A. Kelly
6262 SUNSET DRIVE                        Orlando, FL 32819-9000                   PO Box 3146
MIAMI, FL 33143-4843                                                              Orlando, FL 32802-3146


John J Rapisardi                         KIRBY OIL CO., INC.                      Roger A Kelly
One World Financial Center               P O BOX 567                              Rush, Marshall, Jones & Kelly, P.A.
New York NY 10281-1003                   LAKE CITY, FL 32056-0567                 Post Office Box 3146
                                                                                  Orlando, FL 32802-3146


Liberty Bank                             Liberty Bank, N.A.                       MAGIC MEDIA
c/o R. Jeffrey Smith                     c/o Kathleen S. McLeroy                  C/O BORDEN,JONES & MITCHELL,LC
Bingham McCutchen, LLP                   Carlton Fields, P.A.                     P.O. BOX 544
One State Street, Suite 1400             P.O. Box 3239                            CARROLLTON, GA 30112-0010
Hartford, CT 06103-3100                  Tampa, FL  33601-3239


(c)KEVIN E MANGUM                        Kathleen McLeroy                         Kathleen S. McLeroy
MANGUM & ASSOCIATES PA                   Carlton Fields                           Carlton Fields PA
101 SUNNYTOWN RD STE 300                 4221 West Boy Scout Boulevard Suite 1000 PO Box 3239
CASSELBERRY FL  32707-3862               Tampa, FL 33607-5780                     Tampa, FL 33601-3239


Miami-Dade County Tax Collector          Miami-Dade County Tax Collector          Old Florida National Bank
Miami Dade Bankruptcy Unit               c/o Melinda S. Thornton, Esq.            60 North Court Avenue
140 West Flagler Street,Suite 1403       Stephen P. Clark Center                  Orlando, FL 32801-2409
Miami, FL 33130-1561                     111 N. W. 1st Street, Suite 2810
                                         Miami, FL 33128-1930
```

| | | |
|---|---|---|
| Old Florida National Bank<br>c/o Jason A. Rosenthal<br>4798 New Broad Street, Suite 310<br>Orlando, FL 32814-6436 | PAETEC<br>PO BOX 1283<br>BUFFALO, NY 14240-1283 | PENINSULA RESORT MANAGEMENT<br>LLC<br>2424 N. ATLANTIC AVE.<br>DAYTONA BEACH, FL 32118-3245 |
| PMAT BELLAIR, LLC<br>C/O PROPERTY ONE, INC.<br>4141 VETERANS BLVD, STE 300<br>METAIRIE, LA 70002 | Jimmy D Parrish<br>Baker & Hostetler LLP<br>200 S Orange Avenue<br>SunTrust Center - Suite 2300<br>Orlando, FL 32801-3410 | Tiffany D Payne<br>Baker Hostetler<br>PO Box 112<br>Orlando, FL 32802-0112 |
| RIVERPOINT SOLUTIONS GROUP,LLC<br>2200 E DEVON AVE, STE 385<br>DES PLAINS, IL 60018-4590 | John J Rapisardi<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281-1003 | Jason A Rosenthal<br>The Rosenthal Law Firm PA<br>212 Pasadena Place<br>Suite A<br>Orlando, FL 32803-3862 |
| SURVEY SERVICES CO., LLC<br>27-28 KING CROSS ST<br>CHRISTIANSTED, VI 00820 | R Scott Shuker<br>Latham Shuker Eden & Beaudine LLP<br>Post Office Box 3353<br>Orlando, FL 32802-3353 | Zachary H Smith<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281-1003 |
| Steven J Solomon<br>GrayRobinson<br>1221 Brickell Avenue, 16th Floor<br>Miami, FL 33131-3224 | Miriam G Suarez<br>United States Trustee<br>135 West Central Blvd Suite 620<br>Orlando, FL 32801-2440 | Sysco Central Florida Inc f/k/a Sysco Food S<br>c/o Stewart Cohen, Esq.<br>1510 E. Colonial Drive, Suite 305<br>Orlando, FL 32803-4734 |
| THE SCOTT PARTNERSHIP<br>ARCHITECTURE, INC.<br>429 S.KELLER RD.SUITE 200<br>ORLANDO, FL 32810-7187 | Frank P Terzo<br>GrayRobinson<br>1221 Brickell Avenue<br>Suite 1650<br>Miami, FL 33131-3259 | Melinda S Thornton<br>Miami-Dade County Attorney's Office<br>Stephen P Clark Center<br>111 Northwest 1st Street - Suite 2810<br>Miami, FL 33128-1930 |
| United States Trustee - ORL<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801-2440 | VIRGIN ISLANDS DESIGN BUILD GROUP, LLC<br>5031 COTTON VALLEY 55 H&C<br>CHRISTIANSTED, ST.CROIX, VI 00820 | WESTERN RESERVE PARTNERS, LLC<br>200 PUBLIC SQUARE, STE 3750<br>CLEVELAND, OH 44114-2321 |
| Zachary H Smith<br>One World Financial Center<br>New York NY 10281-1003 | | |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

| | | |
|---|---|---|
| Automated Merchant Systems, Inc.<br>c/o Kevin E. Mangum, Esq.<br>5100 Hwy 17-92, Suite 300<br>Casselberry, FL 32707 | Kevin E Mangum<br>Mangum & Associates PA<br>5100 Highway 17-92<br>Suite 300<br>Casselberry, FL 32707 | End of Label Matrix<br>Mailable recipients    51<br>Bypassed recipients     0<br>Total                  51 |