UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| ISLAND ONE, INC., *et al*. | CASE NO.: 6:10-bk-16177-KSJ |
| Debtors. | Jointly Administered with Case Nos.: 6:10-bk-16179-KSJ; 6:10-bk-16180KSJ; 6:10-bk-16182-KSJ; 6:10-bk-16183-KSJ and 6:10-bk-16189-KSJ |
| _____/ | |

**ORDER GRANTING DEBTORS' MOTION
TO APPROVE BID AND SALE PROCEDURES**

THIS CASE came on for hearing on December 1, 2010 (the "Hearing") to consider the motion (the "Motion") [Docket No. 170] of **ISLAND ONE, INC., et al.** (the "Debtors"), for an order establishing bidding procedures in connection with the sale of the equity interests in some or all of the Debtors and/or the sale of some or all of the property and assets of the Debtors' businesses ("Business Assets"). Upon consideration of the Motion, the arguments of the parties, the evidence, the law, the reasons stated at the Hearing, and being otherwise fully advised in the premises, it is

ORDERED:

1. <u>Motion Granted</u>. The Motion is granted as modified herein.

2. <u>Interests/Assets to be Sold</u>. The Debtors shall offer for sale the equity interests in some or all of the Debtors and/or the Business Assets.[1]

3. <u>Participation Requirements</u>. Any person or entity that wishes to participate in the

---

[1] In the event that any of the Business Assets subject to the lien of BB&T Acquired Asset Group, LLC ("BB & T") are sold to a third party purchaser, with the consent of BB & T, BB &T will pay Western Reserve its fees attributable to such transaction as set forth in the agreement retaining Western Reserve, approved by the Court on October 25, 2010. [Docket No. 134.]

bidding process (each, a "Potential Bidder") must become a "Qualifying Bidder." As a prerequisite to becoming a Qualifying Bidder (and, thus, being able to conduct due diligence), a Potential Bidder: (a) must have delivered an executed confidentiality agreement to the Debtors and Western Reserve, in form and substance reasonably acceptable to the Debtors and (b) must be able, as determined by the Debtors in their reasonable discretion (following consultation with their secured lenders and the Official Committee of Unsecured Creditors (the "Creditors' Committee")), to consummate a transaction involving all or substantially all of the Debtors' equity interests or some or all of the Business Assets, as applicable, if selected as the successful bidder following the conduct of an auction (as described below). Textron Financial Corporation ("TFC"), Liberty Bank ("LB"), BB&T and Old Florida National Bank ("OFNB"), as secured creditors of the Debtors, are deemed Qualifying Bidders, and shall be entitled to credit bid all or any portion of its/their indebtedness to acquire the assets upon which it/they have a lien at the Auction as provided in paragraphs 13(f) and (g) hereof and designate entities to acquire such interests and/or property. TFC, LB, BB&T and OFNB shall not be required to satisfy the requirements for a Qualified Bid as set forth herein, including, without limitation, submitting a letter of interest, a bid deposit or Purchase Documents (as defined below).

4. <u>Due Diligence</u>. A Qualifying Bidder will have the opportunity to conduct reasonable due diligence through and including the Bid Deadline (as defined below).

5. <u>Bid Requirements</u>. To be deemed a "Qualifying Bid," (a) a Letter of Interest (as defined below) must be delivered on or before November 24, 2010, subject to extension as provided in paragraph 6 hereof (the "LOI Deadline"), and (b) Purchase Documents (as defined below), together with a Bid Deposit as set forth below, must be received from a Qualifying Bidder by a date no later than the Bid Deadline set forth below.

6. <u>Letter of Interest</u>. On or before the LOI Deadline, a Qualifying Bidder must deliver a letter of interest ("Letter of Interest") to the parties set forth in paragraph 9 hereof, indicating the Qualifying Bidder's interest in purchasing the equity interests in some or all of the Debtors or some or all of the Business Assets. The Letter of Interest must (a) identify the equity or specific Business Assets to be purchased; (b) set forth a minimum total bid amount ("Minimum Bid"); and (c) provide adequate information to demonstrate the bidder's financial wherewithal and credit worthiness to consummate the proposed transaction. The Debtors, in consultation with their secured lenders and the Creditors' Committee, may extend the LOI Deadline with respect to a particular Potential Bidder to December 10, 2010.

7. <u>Bid Deposit</u>. On or before **DECEMBER 23, 2010** (the "Bid Deadline"), a Qualifying Bidder must deliver a deposit of Five Hundred Thousand Dollars $500,000.00 ("Bid Deposit"), which deposit shall be delivered by wire transfer of immediately available funds to Debtors' counsel, in accordance with the following wire transfer instructions:

**Wire To SunTrust Bank of Central Florida, N.A.
Atlanta, Georgia
For credit to Orange Avenue Office, Orlando, FL**

**ABA Routing #061-000104**

**Baker & Hostetler LLP Trust Account
Account #0700700219657**

**Reference: "To the attention of Elizabeth A. Green for IOI Bid Deposit"**

8. <u>Purchase Documents and Qualified Bid.</u> On or before the Bid Deadline, any Qualifying Bidder who has previously submitted a Letter of Interest shall deliver its Bid Deposit as set forth above and shall deliver to the parties set forth in paragraph 9 hereof a clean and duly executed purchase agreement (with all exhibits thereto, the "Purchase Documents") which sets

forth the terms and conditions of such Qualifying Bidder's proposed equity or asset purchase. To be deemed a Qualifying Bid, the Purchase Documents or other submitted documents must:

  a) state such Qualifying Bidder offers to purchase all or substantially all of the Debtors' equity interests or some or all of the Business Assets and identify with particularity such interests and/or property;

  b) state such Qualifying Bidder is financially capable of consummating the transactions contemplated by the Purchase Documents, and provide written evidence reasonably satisfactory to the Debtors (following consultation with their secured lenders and the Creditors' Committee) demonstrating that such Qualifying Bidder has the financial ability to consummate the purchase proposed by the Purchase Documents;

  c) state such Qualifying Bidder's offer is irrevocable until the closing of the proposed sale transaction if such Qualifying Bidder is the Prevailing Bidder (as defined below);

  d) identify with particularity each and every executory contract and unexpired lease, the assumption and, as applicable, assignment of which is a condition to closing;

  e) contain such financial and other information to allow the Debtors to make a reasonable determination as to the Qualifying Bidder's abilities to provide adequate assurance of future performance under contracts and leases to be assumed pursuant to § 365 of Title 11 of the United States Code in a form requested by the Debtors to allow the Debtors to serve, within two (2) business days after such receipt, such information on counter-parties to any contracts or leases being assumed or assumed and assigned in connection with the proposed sale;

  f) not request or entitle such Qualifying Bidder to any break-up fee, expense reimbursement, or similar type of payment;

g) fully disclose the identity of each entity that will be bidding in the Auction (defined below) or otherwise participating in connection with such bid, and the complete terms of any such participation;

h) be likely to result in a value to the Debtors' estates in the Debtors' reasonable judgment (following consultation with their secured lenders and the Creditors' Committee), that is equal to or exceeds the fair value for the interests or Business Assets to be sold;

i) (a) not contain any financing contingencies of any kind; (b) provide for expiration of any due diligence contingency on or before the Auction Date; and (c) contain evidence that the Qualifying Bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to consummate the sale, which evidence is reasonably satisfactory to the Debtors (following consultation with their secured lenders and the Creditors' Committee);

j) include evidence of authorization and approval from the Qualifying Bidder's board of directors (or comparable governing body) with respect to the submission, execution, and delivery of the Purchase Documents; and

k) provide that, if the Qualifying Bidder is designated as a Back-Up Bidder (as defined below), in the event the Prevailing Bidder fails to close the transaction contemplated by the Prevailing Bid, then the Qualifying Bidder agrees to close the transaction on the terms set forth in the Back-Up Bid as provided below. A competing bid satisfying all the above requirements as well as the requirements set forth in paragraph 5 hereof shall constitute a "Qualifying Bid".

9. <u>Bid Deadline</u>. A Qualifying Bidder that desires to make a bid shall deliver a

written or electronic copy of its Purchase Documents to: (i) Debtors' counsel, Baker & Hostetler LLP, SunTrust Center, Suite 2300, 200 South Orange Avenue, Orlando, FL 32801 (Attn: Elizabeth Green, Esq.); (ii) counsel to TFC, EpsteinBeckerGreen, P.C. 250 Park Avenue, New York, NY 10177 (Attn: Steven E. Fox, Esq.) and Burr & Forman LLP, CNL Center II, 450 S. Orange Avenue, Suite 200, Orlando, FL 32801 (Attn: Denise Dell-Powell, Esq.); (iii) counsel to LB, Bingham McCutchen LLP, One State Street, Hartford, CT 06103 (Attn: Jonathan B. Alter, Esq.); (iv) counsel to the Creditors' Committee, Bush Ross, PA, 1801 N. Highland Avenue, Tampa, FL 33601-3913 (Attn: H. Bradley Staggs, Esq. and Adam Lawton Alpert, Esq.);(v) counsel to BB & T, Gray Robinson P.A, 1221 Brickell Ave. Suite 1600, Miami, FL 33131 (Attn Frank P. Terzo, Esq.) and (v) Western Reserve Partners, LLC, 200 Public Square, Suite 3750, Cleveland, OH 44114 (Attn: Victor Faris), so as to be received by no later than 5:00 p.m. (EST) on the Bid Deadline. The Debtors may, in their discretion (following consultation with their secured lenders and the Creditors' Committee), extend the Bid Deadline.

10. <u>Evaluation of Qualifying Bids</u>. The Debtors (following consultation with their secured lenders and the Creditors' Committee) shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be qualified by a date no later than **JANUARY 3, 2011**. Prior to the Auction (as defined below), the Debtors shall determine, in their reasonable judgment (following consultation with their secured lenders and the Creditors' Committee), which of the Qualifying Bids is likely to be the highest and/or best. The Debtors reserve the right (following consultation with their secured lenders and the Creditors' Committee) to have additional dialogue with any bidder concerning the terms of their bid and with respect to the qualification thereof as a Qualifying Bid, including permitting modifications to the bid to enable any bid to become a Qualifying Bid.

11. <u>Stalking Horse Designation</u>.  The Debtors reserve the right, in their discretion, (following consultation with their secured lenders and the Creditors' Committee), to designate one or more "Stalking Horse" bidders in connection with the conduct of the Auction.  In the event the Debtors determine to designate one or more bidders as a Stalking Horse, the Debtors shall make an announcement at or prior to the commencement of the Auction.

12. <u>No Qualifying Bids</u>.  If no timely, conforming Qualifying Bids are submitted by the Bid Deadline, the Debtors (following consultation with their secured lenders and the Creditors' Committee) may determine not to hold an Auction, reserving all right including to conduct a subsequent sale of the equity interests and/or Business Assets and to seek approval of a plan of reorganization.

13. <u>Auction</u>.  In the event that the Debtors timely receive one or more Qualifying Bids, the Debtors intend to conduct an open bid auction (the "Auction") at the offices of Debtors' counsel, Baker & Hostetler LLP, SunTrust Center, Suite 2300, 200 South Orange Avenue, Orlando, FL 32801, commencing at 10:00 a.m. (EST) on **JANUARY 12, 2011** (the "Auction Date").  The Debtors may, in their discretion (following consultation with their secured lenders and the Creditors' Committee), adjourn the date, time and place of the Auction.  The Auction shall be governed by the following procedures:

a) only TFC, LB, BB&T, OFNB and other Qualifying Bidders shall be entitled to bid at the Auction;

b) Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

c) bidding shall commence at the amount of the highest Qualifying Bid submitted by the Qualifying Bidders prior to the Auction;

d) the initial overbid and subsequent bidding increments shall be not less than $100,000 in value, as determined by the Debtors, in consultation with their secured lenders and the Creditors' Committee;

e) all Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the Purchase Documents at the Auction, provided that any such modifications to the Purchase Documents on an aggregate basis and viewed in whole, shall not be less favorable to the Debtors;

f) Qualifying Bidders may make one or more credit bids of any sums advanced to the Debtors and outstanding under any cash collateral order(s) entered by the Court;

g) TFC, LB, BB&T and OFNB, as Qualified Bidders, shall be entitled to credit bid at the Auction in the full amount of their respective secured claims against the assets subject to its/their lien(s), and shall be entitled to submit such credit bid at any time during the Auction, including after the submission of the last bid by a Qualified Bidder. Alternatively, each of the secured lenders shall be permitted to object to the sale of its collateral for an amount less than its indebtedness;

h) the Auction shall continue until there is only one offer that the Debtors determine, following consultation with their secured lenders and the Creditors' Committee, and subject to Bankruptcy Court approval, is the highest and/or best from among the Qualifying Bids submitted at the Auction for the asset(s) or equity sold (the "Prevailing Bid"). In making this decision, the Debtors shall consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualifying Bidder's ability to close a transaction and the timing thereof, and the net benefit to the Debtors' estates. The Debtors, following consultation with their secured lenders and the Creditors' Committee, shall have the

right to determine that no bid is a Prevailing Bid if the consideration provided to the estate by the acceptance of such bid does not satisfy a minimum threshold so as to constitute fair value for the interests proposed to be acquired. The Qualifying Bidder submitting such Prevailing Bid shall become the "Prevailing Bidder," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Purchase Documents. The Debtors, following consultation with their secured lenders and the Creditors' Committee, shall also determine which of the final bids presented at the Auction is the next highest and/or best bid(s), which shall thereupon be designated the "Back-Up Bid(s)" and the maker of the Back-Up Bid(s) will be designated as the "Back-Up Bidder(s)". In the event the Prevailing Bidder fails to close the transaction contemplated by the Prevailing Bid, then the Debtors reserve the right, following consultation with their secured lenders and the Creditors' Committee, to close the transaction contemplated by the Back-Up Bid(s). In assisting the Debtors to determine whether a Qualifying Bidder has become the "Prevailing Bidder" no secured lender shall waive any or all of its rights contemplated under the Modified Joint Plan of Reorganization (the "Plan") [Docket No. 217] filed by the Debtors on December 1, 2010, including but not limited to, rejecting the Plan or creating a Liquidating Trust for the benefit of BB&T and the unsecured creditors; and

    i)  within two (2) days after adjournment of the Auction, the Prevailing Bidder (and any Back-Up Bidder, as applicable) shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Prevailing Bid (or Back-Up Bid) was made.

  14.  EACH BID SHALL CONSTITUTE AN IRREVOCABLE OFFER UNTIL THE CONFIRMATION HEARING IS CONCLUDED. THE PREVAILING BID(S) OF THE PREVAILING BIDDER(S) SHALL BE BINDING ON THE PREVAILING BIDDER(S) IN

ACCORDANCE WITH THE TERMS OF THE PURCHASE DOCUMENTS. THE FINAL BID OF THE BACK-UP BIDDER(S) SHALL BE IRREVOCABLE FROM THE TIME THE BID IS SUBMITTED UNTIL THE EARLIER OF 48 HOURS AFTER THE SALE OF THE EQUITY INTERESTS AND/OR ASSETS HAS CLOSED OR THIRTY (30) DAYS AFTER THE CONFIRMATION HEARING (defined below).

15. <u>Sale/Confirmation Hearing</u>. The Prevailing Bid will be subject to approval by the Court. The hearing to approve the Prevailing Bid in connection with confirmation of the Debtors' plan of reorganization (the "Confirmation Hearing") shall take place commencing at 10:15 a.m. (EST) on **FEBRUARY 16, 2011**. The Debtors may, in their discretion (following consultation with their secured lenders and the Creditors' Committee) and with Court approval, adjourn the date and time of the Confirmation Hearing.

16. <u>Return of Deposits</u>. All deposits shall be returned to each bidder not selected by the Debtors as the Prevailing Bidder no later than five (5) business days following the Auction, except for the deposit of any Back-Up Bidder. Unless applied in accordance with the Purchase Documents in the event the Back-Up Bidder becomes the Prevailing Bidder, any Back-Up Bidder deposit shall be returned upon the earlier of (a) forty-eight (48) hours after the closing of the sale to the Prevailing Bidder or (b) thirty (30) days after the Confirmation Hearing.

17. THE DEBTORS RESERVE THE RIGHT, FOLLOWING CONSULTATION WITH THEIR SECURED LENDERS AND THE CREDITORS' COMMITTEE, TO MODIFY

AND/OR DIVERGE FROM THE FOREGOING BID PROCEDURES, IF APPROPRIATE TO FURTHER THE PURPOSES OF THE AUCTION.

DONE AND ORDERED: December 15, 2010

_____
HONORABLE KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies to:

Island One, Inc., attn: Deborah L. Linden, 8680 Commodity Circle, Orlando, FL 32819;

BB&T Acquired Asset Group, 2000 Interstate Park Drive, Montgomery, AL 36109;

BB&T Acquired Asset Group, c/o Frank P. Terzo and Steven J. Solomon, Gray Robinson, P.A., 1221 Brickell Avenue, #1600, Miami, FL 33131;

Liberty Bank, 315 Main Street, Middletown, CT 06457; Liberty Bank, c/o Jonathan B. Alter and R. Jeffrey Smith, Bingham McCutchen, LLP, One State Street, Suite 1400, Hartford, CT 06103;

Textron Financial Corp., 40 Westminster Street, Providence, RI 02940;

Textron Financial Corp., c/o Steven E. Fox, Epstein Becker Green, 250 Park Avenue, New York, NY 10177;

Old Florida National Bank, 60 North Court Avenue, Orlando, FL 32801;

Counsel for Unsecured Creditors Committee, Adam Lawton Alpert, Esq., Bush Ross, P.A., P.O. Box 3913, Tampa, Florida 33601-3913;

H.J.C. Floridian Corp., 8911 Charles E. Limpus Road, Orlando, FL 32836;

Maple Leaf, LLC, 4521 Sharon Road, Suite 420, Charlotte, NC 28211;

Virgin Islands Design Build, Group, LLC, 5031 Estate Cotton Valley, 55 H&C, Christiansted, St. Croix, VI 00820;

Kenneth Campbell, 8400 Darlene Dr., Orlando, FL 32836;

Peninsula Resort Management, LLC, c/o Marsha G. Madorsky, 100 SE 2d Street, Suite 4200, Miami, FL 33133;

Steward Cohen, 1510 E. Colonial Drive., Suite 305, Orlando, FL 32803-4734;

Denise D. Dell-Powell, Burr & Forman, LLP, 450 S. Orange Avenue, Suite 200, Orlando, FL 32801-3385;

Roger A. Kelly, PO Box 3146, Orlando, FL 32802-3146;

Kevin E. Mangum, 5100 Hwy 17-92, Suite 300, Casselberry, FL 32707;

Kathleen S. McLeroy, Carlton Fields, P.A., P.O. Box 3239, Tampa, FL 33601-3239;

Jason A. Rosenthal, 4798 New Broad Street, Suite 310, Orlando, FL 32814-6436;

R. Scott Shuker, Latham, Shuker, Eden & Beaudine, LLP, 390 N. Orange Ave., Suite 600, Orlando, FL 32801;

Melinda S. Thornton, Stephen P. Clark Center, 111 N. W. 1st Street, Suite 2810, Miami, FL 33128-1930;

Edmund s. Whitson, Akerman Senterfitt, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602-5250;

Office of the United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, FL 32801;

All Creditors and Parties-In-Interest.