# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| In re: | CASE NO. 6:10-bk-16177-KSJ |
| ISLAND ONE, INC., et al., | CHAPTER 11 |
| | Jointly Administered with Case Nos. 6:10-bk-16179-KSJ, 6:10-bk-16180-KSJ, 6:10-bk-16182-KSJ, 6:10-bk-16183-KSJ, |
| Debtors. | 6:10-bk-16189-KSJ |

_____/

**DEBTORS' MOTION TO MODIFY
THE BID PROCEDURES ORDER (DOC. NO. 256) TO
(A) EXTEND THE SALE/AUCTION DATE, (B) RESCHEDULE THE CONFIRMATION
HEARING ON THE DEBTORS' PROPOSED AMENDED
PLAN OF REORGANIZATION, (C) RESET CERTAIN RELATED DATES
AND DEADLINES, AND (D) EXTEND EXCLUSIVITY PERIODS TO
FILE A PLAN OF REORGANIZATION AND TO OBTAIN ACCEPTANCES**

**ISLAND ONE, INC.,** *et al.*, debtors and debtors in possession herein (collectively, the "Debtors"), respectfully submit this Motion to Modify the Bid Procedures Order and seeking the entry of one or more orders, inter alia, (a) amending the Court's "Order Granting Debtors' Motion to Approve Bid and Sale Procedures", dated December 15, 2010 (Doc. No. 256) ("Bid Procedures Order"), to extend the sale/auction date and to re-set related dates and deadlines, (b) rescheduling the confirmation hearing on the Debtors' proposed amended joint plan of reorganization, presently scheduled for February 16, 2011, and (c) further extending the Debtors' exclusivity periods to file a plan of reorganization and to obtain acceptances in order to accommodate the parties' revised timetable. In support of the relief sought herein, the Debtors respectfully state as follows:

1. On September 10, 2010 (the "Petition Date") the Debtors filed voluntary Chapter 11 petitions for relief under Title 11 of the United States Code ("Bankruptcy Code"); no trustee has been appointed.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

### *Extension of Sale/Auction Date and Re-Setting Related Dates and Deadlines*

3. On December 15, 2010, the Court entered the Bid Procedures Order establishing January 12, 2011 as the date on which some or all of the Debtors' assets and equity would be auctioned or sold.

4. The Bid Procedures Order further provided, among other things, that Debtors may, in their discretion and after consulting with their secured lenders and the Creditors' Committee, adjourn the date, time and place of the auction. (Doc. 256, p. 7, ¶ 13).

5. Following extensive consultations, the Debtors and their secured lenders BB&T Acquired Asset Group ("BB&T"), Textron Financial Corp. ("Textron"), and Liberty Bank, NA ("Liberty"), have mutually agreed to extend the auction date contemplated in the Bid Procedures Order to March 10, 2011 in order to afford the estate constituencies additional time to evaluate a multitude of sale-related options and alternatives. The Debtors believe that extending the auction date contemplated in the Bid Procedures Order and re-setting other related dates and deadlines provided for in the Bid Procedures Order is in the best interests of the Debtors, their estates and the various interested estate constituencies. The Creditors' Committee is not consenting to the timeline proposed at this juncture.

### *Rescheduling of Confirmation Hearing*

6.  The Bid Procedures Order also established February 16, 2011 at 10:15 (EST) as the date for consideration of approval of the prevailing auction bid <u>and</u> confirmation of the Debtors' Modified Chapter 11 Plan.[1] The Bid Procedures Order also provided that the Debtors may, in their discretion and following consultation with their secured lenders and the Creditors' Committee and with Court approval, adjourn the date and time of the confirmation hearing.

7.  Following extensive consultations, the Debtors, Textron, BB&T, and Liberty have mutually agreed that it is appropriate to adjourn the date and time of the confirmation hearing in order to afford the estate constituencies additional time to effectuate the sale process and to revise the joint plan to reflect the results of the auction once concluded. As such, the Debtors believe rescheduling the February 16, 2011 confirmation hearing and re-setting related dates and deadlines is in the best interests of the Debtors, their estates, and estate constituencies.

8.  In that regard, the Debtors, Textron, BB&T and Liberty respectfully request that the Court approve the following amended sale/confirmation and exclusivity timeline:

| Event | Proposed Date |
| --- | --- |
| Letter of Interest[2] Deadline | February 24, 2011 |
| Bid Deadline[3] | March 4, 2011 |
| Evaluation of Qualifying Bids[4] Deadline | March 8, 2011 |
| Debtors conduct and complete the Auction[5] | March 10, 2011 |
| Debtors exclusivity deadline to file amended joint plan and disclosure statement | March 17, 2011 |
| Exclusivity for Acceptance | Confirmation hearing |

---

[1] In connection with a motion to continue hearing on confirmation, approval of the disclosure statement, and to extend associated deadlines filed by BB&T Acquired Asset Group (Doc. No. 190) the Court directed the Debtors to file an amended plan and disclosure statement on or before January 18, 2011 (Doc. No. 248) incorporating the successful bid generated from the auction, together with such additional conforming changes as may be necessary or appropriate to effectuate the successful bid and other related transactions.

[2] As such is defined in the Bid Procedures Order (Doc. No. 256, p. 3, ¶6).
[3] As such is defined in the Bid Procedures Order (Doc. No. 256, p. 3, ¶7).
[4] As such is defined in the Bid Procedures Order (Doc. No. 256, p. 6, ¶10).
[5] As such is explained in the Bid Procedures Order (Doc. No. 256, p. 7, ¶13).

| | |
|---|---|
| Sale/Confirmation Hearing[6] | At Court's earliest availability in April, 2011 |

The Creditors' Committee is not consenting to the timeline proposed at this juncture.

### *Extension of Exclusive Periods*

9.  Pursuant to 11 U.S.C. § 1121(b), the Debtors have the exclusive right to file a Plan of Reorganization for 120 days (the "Exclusivity Period") after the Petition Date. If the debtors file a Plan of Reorganization within such 120-day period, the Exclusivity Period is extended to 180 days pursuant to 11 U.S.C. § 1121(c) in order to maintain exclusivity during the solicitation period for acceptances required by 11 U.S.C. §§ 1126 and 1129(a). The Court may, for cause, reduce or increase the 120-day period or the 180-day period pursuant to 11 U.S.C. § 1121(d).

10. On October 5, 2010, Debtors filed their Joint Chapter 11 Plan (Doc No. 73) and Joint Disclosure Statement (Doc No. 72).

11. On December 1, 2010, Debtors filed a Modified Chapter 11 Plan (Doc. No. 220) and a Modified Disclosure Statement (Doc No. 261).

12. Debtors filed the Modified Chapter 11 Plan and the Modified Disclosure Statement prior to the termination of the Exclusivity Period, initially set to terminate on January 8, 2011 and later extended by the Court to January 18, 2011. As such, this request to extend exclusivity is timely.

13. In order to afford the estate constituencies additional time to effectuate the sale process consistent with the revised timeline described above, and to revise the proposed joint plan to reflect the results of the auction once concluded, the Debtors request that the Exclusivity

---

[6] As such is defined and explained in the Bid Procedures Order (Doc. No. 256, p. 10, ¶15).

Period be extended to March 17, 2011, and that exclusivity for obtaining acceptances be extended through time the Court holds the confirmation hearing. Following consultation with Textron, BB&T, and Liberty, the Debtors believe that extending the exclusive periods as requested herein is in the best interests of the Debtors, their estates, and estate constituencies.

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that this Court enter an order (a) amending the Bid Procedures Order to extend the sale/auction date and re-setting related dates and deadlines, (b) rescheduling the confirmation hearing on the Debtors' proposed amended joint plan of reorganization, (c) further extending the Debtors' exclusivity periods to file a plan of reorganization and to obtain acceptances in order to accommodate the parties' new proposed sale/confirmation timetable, and (d) granting the Debtors such other and further relief that the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 7th day of January 2011.

/s/ Tiffany Payne_____
Tiffany D. Payne, Esq.
Florida Bar No.: 0421448
tpayne@bakerlaw.com
Elizabeth A. Green, Esq.
Florida Bar No.: 0600547
egreen@bakerlaw.com
Jimmy D. Parrish, Esq.
Florida Bar No.: 0526401
jparrish@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Ave.
SunTrust Center, Suite 2300
Post Office Box 112 (32802-0112)
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Fax: (407) 841-0168
Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **In re:** | **CASE NO. 6:10-bk-16177-KSJ** |
| **ISLAND ONE, INC., et al.,** | **CHAPTER 11** |
| | **Jointly Administered with Case Nos. 6:10-bk-16179-KSJ, 6:10-bk-16180-KSJ, 6:10-bk-16182-KSJ, 6:10-bk-16183-KSJ, 6:10-bk-16189-KSJ** |
| **Debtors.** | |
| _____/ | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2011, a true and correct copy of the foregoing, together with all exhibits, was furnished via the Court's CM/ECF System to all parties requesting such notice and via U.S. First Class Postage Prepaid Mail to the following: Debtor: Island One, Inc., et al., 8680 Commodity Circle, Orlando, FL 32819; Steven Fox, Esq., Epstein, Becker & Green, 250 Park Ave., New York, NY 10177; R. Jeffrey Smith, Esq. and Jonathan Alter, Esq., Bingham McCutchen LLP, 1 State Street, Hartford, CT 06103; Frank P. Terzo, Esq., GrayRobinson, P.A., 1221 Brickell Ave., Suite 1650, Miami, FL 33131; Adam Lawton Alpert, Esq. and H. Bradley Staggs, Esq., Bush Ross, P.A., Post Office Box 3913, Tampa, Florida 33601-3913; and the United States Trustee's Office, 135 W. Central Blvd., Suite 620.

**Debtor's Counsel shall serve a copy of the foregoing on all Creditors and Parties-in-Interest and an Affidavit of Mailing will be filed separately with the Court.**

/s/ Tiffany D. Payne_____
Tiffany D. Payne, Esq.
