UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **In re:** | CASE NO. 6:10-bk-16177-KSJ <br> **CHAPTER 11** |
| **ISLAND ONE, INC., et al.** | Jointly Administered with Case Nos. |
| Debtors. | 6:10-bk-16179-KSJ, 6:10-bk-16180-KSJ, <br> 6:10-bk-16182-KSJ, 6:10-bk-16183-KSJ, <br> 6:10-bk-16189-KSJ |
| _____ / | |
| **APPLICABLE DEBTOR:** | *HEARING REQUESTED ON* <br> *FEBRUARY 16, 2011 AT 10:15AM* |
| **ST. CROIX ONE, LLC** <br> **CASE NO.: 6:10-BK-16180** _____ / | |

### MOTION BY DEBTORS-IN-POSSESSION FOR APPROVAL OF INSURANCE PREMIUM FINANCE AGREEMENT

**ISLAND ONE, INC., ET AL.**, ("Debtors"), by and through their undersigned counsel, pursuant to 11 U.S.C. §§ 105(a), 364(c), and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure, file this Motion (the "Motion") for an Order Approving an Insurance Premium Finance Agreement (the "Agreement") by and between St. Croix One, LLC, d/b/a Chenay Bay Beach Resort ("St. Croix") (6:10-bk-16180-KSJ), and Premium Assignment Corporation ("PAC"). In support of the Motion, Debtors state as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district for this Motion pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On September 10, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"); no trustee has been appointed. The Debtors continue to operate their businesses and manage their

properties as debtors-in-possession under §§ 1101(a), 1107 and 1108 of the Bankruptcy Code. The cases are being jointly administered with this case as the lead case.

3. The Debtors have been in the time share industry in Central Florida for over twenty-five years. Since 1981, the Debtors have engaged in the development and/or management of time share resorts (the "Resorts") in Florida and the U.S. Virgin Islands. In addition, through Navigo Vacation Club, Inc., the Debtors have developed a timeshare network that extends throughout the United States, Latin America, the Caribbean and Europe.

4. As part of the Debtors' management and operation of the Resorts, it is necessary to maintain adequate insurance coverage. The Debtors have been unable to pay, in the ordinary course of business pursuant to 11 U.S.C. § 364(a), the premiums for the insurance policies (the "Insurance Policies") identified in the Agreement, attached hereto as **Exhibit A**. The Debtors further have been unable, after reasonable efforts, to obtain unsecured credit for such payments pursuant to 11 U.S.C. § 364(b). Pursuant to the Agreement, PAC will provide financing to the Debtors/St. Croix for the payment of all annual premiums due on the Insurance Policies by St Croix under the Agreement. Prior to filing these Chapter 11 cases, the Debtors financed insurance policy premiums in the ordinary course of their business operations.

5. The Insurance Policies provide coverage essential for the operation of the Debtors' businesses and limit the Debtors' risk of exposure to loss. Therefore, payment of the premiums due under the Insurance Policies is a necessary cost of preserving the Debtors' estates.

### Summary of Terms of Agreement and Proposed Order

6. Under the Agreement, Debtors are required to immediately make a down payment in the amount of $36,379.12, with nine (9) monthly payments of $10,636.63 due thereafter commencing on February 28, 2011. The annual percentage rate is 7.09 percent, and the total

amount financed under the Agreement is $92,961.82 with a total amount of payments, if paid as scheduled, of $95,729.67. Debtors have included payment of these amounts within its budget under the cash collateral orders entered in the case.

7. The Agreement grants PAC a lien on and security interest in any unearned premiums or other sums which may become payable under the Insurance Policies identified in the Agreement. Debtors request, and the proposed order attached hereto as **Exhibit B** provides, that PAC's lien and security interest and rights in the unearned premiums shall be senior to the lien of any DIP lender in this case and are senior to any claims under 11 U.S.C. § 503, 506(c) or 507(b).

8. The Debtors further request, and the proposed order provides, that PAC's liens and security interests shall be deemed duly perfected without further action by PAC.

9. In the event of a default by the Debtors the Agreement provides that any unpaid principle balance of the total amount financed shall become immediately due and payable in full and PAC may enforce its security interest and its rights under the Limited Power of Attorney as provided and detailed in the Agreement. The interest under the Agreement will continue to accrue on the unpaid balance at the Annual Percentage Rate or maximum rate allowed by applicable law, at PAC's option, until all balances owed under the Agreement are paid.

### Bankruptcy Rule 4001(c)(1)(B) Concise Summary of Relief Requested

10. The material provisions of the Agreement, attached hereto as **Exhibit A**, and form of proposed order, attached hereto as **Exhibit B**, are as follows:

| *Material Terms* | | *Material Term Location in Agreement and Proposed Order* |
|---|---|---|
| **Interest Rate:** | A rate per annum equal to 7.09%. | (Agreement, p. 1); (Exhibit A). |
| **Maturity:** | Policy term is from January 31, 2011 until January 31, 2012. | (Agreement, p. 3); (Exhibit A). |

| Material Terms | | Material Term Location in Agreement and Proposed Order |
|---|---|---|
| **Monthly Payment:** | The monthly payment amount is $10,636.63. | (Agreement, p. 2 §7); (Exhibit A). |
| **First Payment Due Date:** | The first payment is due on February 28, 2011. | (Agreement, p. 3); (Exhibit A). |
| **Events of Default:** | A default shall occur if Debtors fail to pay any sums required under the Agreement in a timely manner or if Debtors transfer a Scheduled Policy of Insurance. | (Agreement, p. 2 §7); (Exhibit A). |
| **Liens and Claims under 11 U.S.C. § 364(c):** | PAC shall have first priority lien on and security interest in unearned premiums as described in the Agreement. | (Agreement, p. 1 §1); (Exhibit A). |
| **Borrowing Limits:** | The Agreement contemplates a limit on the total amount financed in the amount of $92,961.82 ($92,637.37 principle balance + $324.45 doc. stamps and service fee). | (Agreement, p. 1); (Exhibit A). |
| **Borrowing Conditions:** | The Agreement requires that St. Croix irrevocably appoint PAC as attorney-in-fact to cancel the scheduled policies of insurance after St. Croix defaults in payments under the Agreement. | (Agreement, p. 1); (Exhibit A). |
| **Adequate Protection:** | N/A | --- |
| **Waiver/Termination of Automatic Stay:** | In the event PAC or its assigns fail to receive any payment due under the Agreement within fifteen (15) days of the due date under the Agreement, the automatic stay provided by 11 U.S.C. § 362 shall thereupon be terminated without the necessity of a motion to permit PAC, its successors, or assigns to exercise its rights and remedies under the Agreement. | (Exhibit B, ¶ 5). |
| **Ten-day stay waived** | To permit St. Croix to have immediate insurance coverage, the ten-day stay pursuant to Bankruptcy Rule 6004(h) shall not apply. | (Exhibit B, ¶ 9). |

## Conclusion

11. Without the Insurance Policies, St. Croix would be forced to cease operations, and the going-concern value of this entity's business would be lost.

12. Financing the payment of premiums due under the Insurance Policies is in the best interest of the Debtors' estates because it allows the costs of insurance coverage to be spread out and paid over time.

13. The Debtors believe the terms of the Agreement are commercially fair, necessary, and reasonable, and the Agreement is one to incur debt in the ordinary course of business.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order stating that the Agreement is an agreement to incur debt in the ordinary course of business or, in the alternative, entering an order in the form of **Exhibit B** authorizing the Debtors to enter into the Agreement under 11 U.S.C. § 364(c), and granting any such further relief that the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 31st day of January 2011.

/s/ Tiffany Payne
Tiffany D. Payne, Esq.
Florida Bar No.: 0421448
tpayne@bakerlaw.com
Elizabeth A. Green, Esq.
Florida Bar No.: 0600547
egreen@bakerlaw.com
Jimmy D. Parrish, Esq.
Florida Bar No.: 0526401
jparrish@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Ave.
SunTrust Center, Suite 2300
Post Office Box 112 (32802-0112)
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Fax: (407) 841-0168
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re:<br><br>ISLAND ONE, INC., et al.<br><br>           Debtors.<br><br>_____ / <br><br>APPLICABLE DEBTOR:<br><br>ST. CROIX ONE, LLC<br>CASE NO.: 6:10-BK-16180 ___ / | CASE NO. 6:10-bk-16177-KSJ<br>CHAPTER 11<br><br>Jointly Administered with Case Nos.<br>6:10-bk-16179-KSJ, 6:10-bk-16180-KSJ,<br>6:10-bk-16182-KSJ, 6:10-bk-16183-KSJ,<br>6:10-bk-16189-KSJ<br><br>*HEARING REQUESTED ON<br>FEBRUARY 16, 2011 AT 10:15AM* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION BY DEBTORS-IN-POSSESSION FOR APPROVAL OF INSURANCE PREMIUM FINANCE AGREEMENT**, together with all exhibits, has been furnished via electronic noticing via the CM/ECF system to those parties requesting such notice and/or via U.S. Postage Prepaid Mail to the following: Island One, Inc., et al., 8680 Commodity Circle, Orlando, FL 32819 (Debtor); Official Committee of Unsecured Creditors of Island One, Inc., et al., c/o Bush Ross, P.A. Attn: H. Bradley Staggs, Esq., Post Office Box 3913, Tampa, FL 33601-3913; Steven Fox, Esq., Epstein, Becker & Green, 250 Park Ave., New York, NY 10177; R. Jeffrey Smith, Esq. and Jonathan Alter, Esq., Bingham McCutchen LLP, 1 State Street, Hartford, CT 06103 (a/f Liberty Bank); Frank P. Terzo, Esq., GrayRobinson, P.A., 1221 Brickell Ave., Suite 1650, Miami, FL 33131 (a/f BB&T); the Local Rule 1007-2 Parties-In-Interest as listed on the matrix as attached to the original motion filed with the Court; and the United States Trustee, 135 West Central Blvd., Suite 620, Orlando, FL 32801 on this <u>31st</u> day of January, 2011.

                                                          /s/ Tiffany D. Payne
                                                          Tiffany D. Payne, Esq.

# EXHIBIT A

PREMIUM FINANCE AGREEMENT BY AND BETWEEN PAC AND ST. CROIX

PREMIUM FINANCE AGREEMENT

**PREMIUM ASSIGNMENT CORPORATION**

***A910092***

Florida
P.O. Box 3066 - 3522 Thomasville Rd.
Tallahassee, FL 32315
Phone 850-907-5610

| ☐ PERSONAL | ☒ COMMERCIAL | ☐ NEW | ☒ AGENCY RENEWAL | ☐ ADD'L PREMIUM |

THIS AGREEMENT, made effective the ___31___ day of ___January 2011___, between
ST CROIX ONE LLC DBA CHENAY BAY BEACH RESORT
(Name of Borrower/Insured exactly as it appears in financed policies)     SSN OR TAX # _____
ADDRESS   C/O ISLAND ONE INC 8680 COMMODITY CIRCLE
CITY  ORLANDO     STATE  FL   ZIP  32819     PHONE # (407) 215-4106

hereinafter called the Borrower, and Premium Assignment Corporation, a Florida Corporation hereinafter called Lender, for the purpose of financing the purchase of insurance policies described in the Scheduled Policies of Insurance listed in page 3 to this Agreement.

| TOTAL PRICE OF PREMIUMS | - CASH DOWN PAYMENT | = PRINCIPAL BALANCE OWED ON PREMIUMS | + DOC STAMPS & SERVICE FEE (if applicable) | = TOTAL AMOUNT FINANCED | + FINANCE CHARGE (Amount credit costs over term of loan) | = TOTAL OF PAYMENTS (Amount paid if all payments made as scheduled) | ANNUAL INTEREST RATE |
|---|---|---|---|---|---|---|---|
| 129,016.49 | 36,379.12 | 92,637.37 | 324.45 | 92,961.82 | 2,767.85 | 95,729.67 | 7.09 |

| SELECT BILLING OPTION: ☐ Payment Book ☒ Monthly Invoice | Amount of Monthly Payment | Number of Payments | Date First Payment is Due |
|---|---|---|---|
| YOUR PAYMENT SCHEDULE WILL BE: Each monthly payment due on same day of each succeeding month until paid in full. | 10,636.63 | 9 | 2/28/2011 |

FOR VALUE RECEIVED, BORROWER PROMISES TO PAY to the order of Lender at the address given at the top of this page, the Total Amount Financed and all sums shown above, including interest at the Annual Interest Rate and other charges as described hereinafter, pursuant to the terms stated below and in page 2 of this Agreement.

1. **SECURITY FOR PAYMENT:** To secure payment of all sums due under this Agreement, Borrower grants Lender a security interest in any unearned premiums or other sums which may become payable under the Scheduled Policies of Insurance shown on page 3.

2. **LIMITED POWER OF ATTORNEY:** BORROWER IRREVOCABLY APPOINTS LENDER AS ATTORNEY-IN-FACT TO CANCEL THE SCHEDULED POLICIES OF INSURANCE AFTER BORROWER DEFAULTS IN MAKING PAYMENTS UNDER THIS AGREEMENT.

3. **NOTICE TO BORROWER:** (1) Do not sign this Agreement before you read it, or if it contains any blank space, (2) You are entitled to a completely filled in copy of this Agreement, (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the service charge, and (4) BY SIGNING BELOW BORROWER AGREES TO THE PROVISIONS ABOVE AND ALL OF THE TERMS WHICH APPEAR ON THE SECOND PAGE OF THIS AGREEMENT AND ACKNOWLEDGES RECEIPT OF COPIES OF PAGES 1, 2 AND 3 OF THIS AGREEMENT and (5) Up to 2 ½% of the price of the premiums indicated above may be paid to the undersigned agent or broker and/or its affiliated companies by the Lender as part of a contractual arrangement relating to premium finance agreements.

SIGNATURE OF ALL INSURED[S] NAMED IN POLICIES OR AUTHORIZED AGENT OF INSURED[S], AS PERMITTED BY LAW:

_____    X_____    _____    _____
Date        Name and Title:                Date        Name and Title:

PRODUCER'S REPRESENTATIONS & WARRANTIES:

The undersigned Producer represents and warrants that:    (A) The Cash Down Payment shown above has been paid by or on behalf of the Borrower. (B) The Total Price of Premiums shown above has been or will be used to purchase insurance policies shown in the Scheduled Policies of Insurance on page 3 of this Agreement. Any portion of the Total Price of Premiums received by Producer that is not used to purchase such insurance policies, as well as any refunds or credits on such policies, shall be promptly paid to Lender. (C) To the best of the undersigned's knowledge and belief, Borrower is not subject to any bankruptcy or insolvency proceedings and Producer has no reason to believe that Borrower is insolvent. (D) The Borrower's signature(s) is (are) genuine and authorized, or to the extent permitted by applicable law, the Producer has been authorized by Borrower to sign this Agreement on Borrower's behalf. (E) Producer has delivered or will deliver a copy of this Agreement to Borrower.  **Producer agrees that the Representations & Warranties above, as well as those on page 3 of this Agreement, are a binding contract between Producer and Lender.**

**PRODUCER / AGENCY**
Name    BROWN & BROWN INC/DAYTONA BCH
Address PO BOX 2412
        DAYTONA BEACH, FL 32115         _____    _____
                                        Date        PRODUCER'S SIGNATURE

Page 1 of 3


PREMIUM ASSIGNMENT
CORPORATION

IN CONSIDERATION of the payment by Lender of the Principal Balance Owed on Premiums shown on page 1 to the insurance companies named in the Scheduled Policies of Insurance shown on page 3 (or the agents of such companies), the Borrower agrees:

**4. ACCEPTANCE DATE** This Agreement is binding upon its acceptance by Lender. Acceptance shall occur upon payment of the Principal Balance Owed on Premiums to the insurance companies named in the Scheduled Policies of Insurance, or the agents of such companies.

**5. PAYMENTS** Borrower shall make payments directly to Lender in the amounts and at the same time specified on page 1 of this Agreement. Payments shall be made at Lender's address given at the top of page 1 or such other address as Lender may direct in writing. Payments made to any other address, person, firm, corporation or insurance agency (including but not limited to the Producer) shall not constitute payment to Lender. Payments received after cancellation of the Scheduled Policies of Insurance shall be credited to the unpaid balance due under this Agreement and shall not constitute reinstatement of the cancelled policies, nor shall it constitute a waiver by Lender of any rights.

**6. LATE CHARGES** If a payment is more than 5 days late, Borrower agrees to pay a late charge not to exceed the greater of $10.00 or 5% of each delinquent or unpaid installment, unless prohibited by applicable law.

**7. DEFAULT/CANCELLATION** A default shall occur if Borrower fails to pay any sums required by this Agreement in a timely manner or if Borrower transfers a Scheduled Policy of Insurance. After default, any unpaid balance of the Total Amount Financed shall become immediately due and payable in full and Lender may enforce its security interest and its rights under the Limited Power of Attorney. Interest will continue to accrue on the unpaid balance at the Annual Percentage Rate or maximum rate allowed by applicable law, at the option of Lender, until all balances owed under this Agreement are paid. Lender may request cancellation of all or any of the Scheduled Policies of Insurance at the earliest time after default permitted by applicable law. Should Lender cancel the Scheduled Policies of Insurance, Borrower agrees to pay Lender a cancellation fee of $0 as permitted by applicable law.

**8. EXCESS INTEREST OR FEES** It is the intent of the Lender that no interest, fee or charge in excess of that permitted by applicable law will be charged, taken or become payable under this Agreement. In the event it is determined that Lender has taken, charged or accrued interest, fees or charges in excess of that permitted under law, such excess shall be returned to Borrower or credited against the sum due Lender hereunder.

**9. REFUNDS** The Borrower will receive a refund of the finance charge if the account is prepaid in full prior to the last installment due date. The refund shall be computed according to applicable law subject to a nonrefundable service charge of $20.

**10. SHORTAGE OR OVERAGE OF RETURNED PREMIUM** If Lender does not receive unearned premiums or other funds after cancellation or expiration of the Scheduled Policies of Insurance in an amount sufficient to pay the unpaid balance due under this Agreement, Borrower agrees to pay the deficiency to Lender on demand. Interest shall accrue on the deficiency at the Annual Percentage Rate, or the maximum rate allowed by applicable law, at the option of Lender. If the unearned premiums received by Lender are more than the amount due under this Agreement, the excess shall be returned to Borrower within the time allowed by applicable law. If Borrower's refund is less than $1.00 no refund need be made.

**11. ATTORNEYS FEES/COURT COSTS** Borrower agrees to pay all attorneys fees, expenses and costs incurred by Lender in collecting amounts due from Borrower under this Agreement, which shall not exceed 20% of the amount due if the agreement is referred to an attorney not a salaried employee of Lender, including attorneys fees incurred on appeal and in bankruptcy.

**12. LENDER RELATIONSHIP** Borrower acknowledges that: (a) Lender is not an insurance agent nor an insurance company, (b) This Agreement is a financing agreement and not an insurance policy or guarantee of insurance coverage, (c) Lender has played no part in the selection or structuring of the financed insurance policies, (d) Lender has no obligation to request reinstatement of any insurance policies properly cancelled after a default under this Agreement, and (e) The decision of whether to reinstate insurance coverage is made solely by the insurance companies providing coverage, not Lender.

**13. ADDITIONAL PREMIUMS** Lender may advance to Producer, as Borrower's agent, or to an insurance company any additional premiums that may become due under the Schedule Policies of Insurance, after borrower's payment of the down payment, by adding the advanced amount, plus any finance charge, to Borrower's balance under this Agreement. However, any additional premium which is owed to the insurance company(ies) named in the Scheduled Policies of Insurance as a result of any misclassification of risk which is not paid in full or financed in this Agreement may result in cancellation of the coverage by the insurance company for nonpayment of premium. Lender's payment shall not be applied by the insurer to pay for any additional premium owed by Borrower as a result of any misclassification of risk.

**14. LENDER LIABILITY** Lender is not responsible for any damages resulting from cancellation of the Scheduled Policies of Insurance by Lender, as long as the cancellation was done in accordance with applicable law. Borrower shall be responsible for Lender's reasonable attorneys fees and expenses for any unsuccessful action filed by Borrower seeking damages for improper cancellation. Lender's liability for breach of this Agreement shall be limited to the Principal Balance Financed under this Agreement, if permitted by applicable law.

**15. RETURNED CHECKS** Borrower agrees to pay a returned check fee of $15, as allowed by applicable law, for each of Borrower's checks returned to Lender for Insufficient funds or because the insured has no account in the payor bank.

**16. WARRANTIES OF BORROWER** Borrower warrants that: (a) Each of the Scheduled Policies of Insurance have been issued or a binder has been issued; (b) Borrower has not and will not assign or encumber any unearned premium of the Scheduled Policies of Insurance or grant a power of attorney to cancel the Scheduled Policies of Insurance to anyone other than Lender until all sums due under this Agreement are paid in full; (c) Lender may assign all its rights under this Agreement as allowed by applicable law; (d) No proceeding in bankruptcy or insolvency has been instituted by or against Borrower or is contemplated by Borrower, and (e) No insurance financed by this Agreement was purchased for personal, family or household purposes, unless so indicated on page 1.

**17. INTEREST CALCULATION** Interest is computed on an annual basis of 12 months of 30 days on the balance of the Total Amount Financed, from the effective date of the earliest insurance policy for which premiums are being advanced to the date when all sums due under this Agreement are paid.

**18. BLANK SPACES** Borrower agrees that if any policy financed by this Agreement has not been issued at the time the Agreement is signed, the names of the insurance companies issuing the financed policies, the policy numbers and the due date of the first installment may be inserted in the Agreement after it is signed.

**19. GOVERNING LAW** The Parties agree that the law of the state in which this Agreement is executed shall control the interpretation of the Agreement and the rights of the parties, unless the Agreement is executed in a state without premium finance laws, in which case the law of the State of Florida shall govern.

**20. SAVINGS AND MERGER CLAUSE** The Parties agree that if one or more portions of this Agreement are found to be invalid or unenforceable for any reason, the remaining portions shall remain fully enforceable. The parties also agree that this Agreement contains the entire agreement between the parties regarding the subject matter herein and supersedes any prior discussions.

**21. FINANCING OPTION** Entry into this financing arrangement is not a condition of obtaining insurance. You may opt to pay the premium for such insurance without financing such premium, or to obtain financing from some other source if you choose.



State: FL

# SCHEDULED POLICIES OF INSURANCE

V8(0)G1664I1.59

ST CROIX ONE LLC DBA CHENAY BAY BEACH RESORT
C/O ISLAND ONE INC
8680 COMMODITY CIRCLE
ORLANDO, FL 32819
(407) 215-4106

***A910092***

BROWN & BROWN INC/DAYTONA BCH    06987
PO BOX 2412
DAYTONA BEACH, FL 32115-2412
(386) 252-9601

| Premium | Down Payment | Unpaid Balance | Doc Stamps/Fees | Amt. Financed | Finance Charges | Total / Payments |
|---|---|---|---|---|---|---|
| 129,016.49 | 36,379.12 (28.20 %) | 92,637.37 | 324.45 | 92,961.82 | 2,767.85 | 95,729.67 |

| Payment | Payments | Rate | First Due | Type | Status | Contract Type |
|---|---|---|---|---|---|---|
| 10,636.63 | 9 | 7.09 % | 2/28/2011 | INVOICE | RENEW | COMMERCIAL |

| EFF DATE / EXP DATE | COMPANY / BROKER | CITY | ST | CO. # | TYPE MEP | POLICY NO. | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|
| 1/31/2011 | CO: LLOYDS OF LONDON | TALLAHASSEE | FL | 82864 | PROP | TBD | 110,000.00 |
| 1/31/2012 | MGA: PEACHTREE SPECIAL RISK | BOCA RATON | FL | 62283 | 25.00 % | | |
| | | | | | | Taxes/Fees | 11,000.00 |
| | | | | | | Total | 121,000.00 |
| 1/31/2011 | CO: TRAVELERS CAS & SURETY | ORLANDO | FL | 86154 | EPLI | TBD | 7,783.00 |
| 1/31/2012 | MGA: AMWINS BROKERAGE OF TX | DALLAS | TX | 61885 | 0.00 % | | |
| | | | | | | Taxes/Fees | 233.49 |
| | | | | | | Total | 8,016.49 |

Created By: 06987DD        Auth Code: _____

### ADDITIONAL REPRESENTATIONS & WARRANTIES OF PRODUCER

(F) All information provided above is complete and correct in all respects and the policies listed above are or will be in force on the stated Effective Date and delivered by Producer to the Borrower, except for assigned risk or residual market policies.

(G) If any information listed above is or becomes incomplete or inaccurate, Producer shall promptly provide correct information to Lender.

(H) The Producer is an authorized policy issuing agent of the companies issuing the policies listed above or is the authorized agent of the MGA or broker placing the coverage directly with the insuring company,    **except those policies indicated with an "X".**

(I) None of the policies listed above are subject to reporting or retrospective rating provisions. All policies subject to audit, minimum or fully earned premium provisions are indicated below:
Policy No and Prefix No: _____

(J) Except as indicated above, all Scheduled Policies of Insurance can be cancelled by Borrower or Lender on 10 days notice and the unearned premiums will be computed pro rata or on the standard short rate table.

(K) If any Scheduled Policies of Insurance are subject to audit, Producer and Borrower have made good faith determination that the deposit, provisional or initial premiums are not less than the anticipated premiums to be earned for the full term of the policy(ies).

(L) Upon cancellation of any of the Scheduled Policies of Insurance, Producer shall remit to Lender the full amount of the unearned premium, including unearned commission, as well as any other payments or credits received by Producer, up to the unpaid balance due under this Agreement, within 15 days of receipt from the insuring company.

**DOCUMENTARY STAMPS REQUIRED BY LAW IF ANY ARE AFFIXED TO MONTHLY JOURNAL AND CANCELLED.**

# EXHIBIT B

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| In re: | CASE NO. 6:10-bk-16177-KSJ |
| ISLAND ONE, INC., et al., | CHAPTER 11 |
| | Jointly Administered with Case Nos. 6:10-bk-16179-KSJ, 6:10-bk-16180-KSJ, 6:10-bk-16182-KSJ, 6:10-bk-16183-KSJ, |
| Debtors. | 6:10-bk-16189-KSJ |

_____/

### PROPOSED ORDER
### AUTHORIZING DEBTORS TO ENTER INTO
### INSURANCE PREMIUM FINANCE AGREEMENT

THIS CAUSE came on for hearing on the ____ day of _____, 2011 upon the Debtors' Motion for Approval of an Insurance Premium Finance Agreement (the "Motion") (Doc. No. ___). The Court, having considered the Motion, the statements of counsel and the law, and it appearing that good cause has been shown and being otherwise fully advised in the premises, it is

ORDERED:

1. The Motion (Doc. No. ___) is granted and any objections thereto are overruled.

2. The Debtor is authorized to: (a) enter into the premium finance agreement attached to the Motion as Exhibit "A" (the "Agreement"), which is made a part hereof by reference; (b) grant PREMIUM ASSIGNMENT CORPORATION ("PAC"), or its successor or assigns a first priority lien on and security interest in unearned premiums as described in the Agreement; and (c) pay PAC or its successor or assigns all sums due under the Agreement.

3. Without limitation, the liens, security interests and rights in unearned premiums granted under the Agreement are senior to the lien of any DIP Lender in this Case and are senior to any claims under 11 U.S.C. §§ 503, 506(b) or 507(b).

4. If additional premiums become due to insurance companies under the policies financed in the Agreement, the Debtor and PAC or its successor or assigns are authorized to modify the Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5. In the event PAC or its assigns fail to receive any payment due under the Agreement within fifteen (15) days of the due date, after sufficient notice and an opportunity to cure, the automatic stay provided by 11 U.S.C. § 362 shall thereupon be terminated without the necessity of a motion, further hearing or order of this Court to permit PAC or its successor or assigns to exercise its rights and remedies under the Agreement, including without limitation the rights to: (a) cancel the financed insurance policy(ies), and (b) collect and apply unearned premiums payable under the financed policy(ies) to the balance owed under the Agreement.

6. If the collection and application of unearned premiums is insufficient to pay the balance owed under the Agreement, PAC or its successor or assigns may within 21 days after the collection and application of such unearned premiums file a proof of claim for the unsatisfied amount of any indebtedness under the Agreement notwithstanding the passage of any bar date for the filing of proofs of claim.

7. The rights of PAC or its successor or assigns under the Agreement are fully preserved and protected and shall remain unimpaired by this Bankruptcy proceeding, and shall remain in full force and effect, notwithstanding the subsequent conversion of this proceeding to one under Chapter 7 or any other provision of the United States Bankruptcy Code.

8. PAC's liens and security interests shall be deemed duly perfected without further action by PAC.

9. In order to enable the Debtor to have immediate insurance coverage, the ten day stay of this order pursuant to Bankruptcy Rule 6004(h) shall not apply, and the relief herein granted is effective immediately upon entry.

10. The Court retains jurisdiction to construe and enforce this Order.

DONE AND ORDERED

_____
KAREN S. JENNEMANN
United States Bankruptcy Judge

*Copies furnished to:*

Debtor: Island One, Inc., et al., 8680 Commodity Circle, Orlando, FL 32819 (Debtor);

Debtors' Attorney: Elizabeth A. Green, Esq./Tiffany D. Payne, Esq., BAKER HOSTETLER LLP, 200 South Orange Ave., SunTrust Center, Suite 2300, Orlando, Florida 32801-3432

Official Committee of Unsecured Creditors of Island One, Inc., et al., c/o Bush Ross, P.A. Attn: H. Bradley Staggs, Esq., Post Office Box 3913, Tampa, FL 33601-3913;

Steven Fox, Esq., Epstein, Becker & Green, 250 Park Ave., New York, NY 10177;

R. Jeffrey Smith, Esq. and Jonathan Alter, Esq., Bingham McCutchen LLP, 1 State Street, Hartford, CT 06103 (a/f Liberty Bank);

Frank P. Terzo, Esq., GrayRobinson, P.A., 1221 Brickell Ave., Suite 1650, Miami, FL 33131 (a/f BB&T);

United States Trustee, 135 West Central Blvd., Suite 620, Orlando, FL 32801; and

the Local Rule 1007-2 Parties-In-Interest

Label Matrix for local noticing
113A-6
Case 6:10-bk-16177-KSJ
Middle District of Florida
Orlando
Mon Jan 31 14:48:41 EST 2011

Adam L Alpert
Bush Ross P.A.
Post Office Box 3913
Tampa, FL 33601-3913  (ECF)

AMERICAN EXPRESS,INC.
PO BOX 360001
FT LAUDERDALE, FL 33336-0001

(c)AUTOMATED MERCHANT SYSTEMS, INC.
C/O KEVIN E. MANGUM, ESQ.
101 SUNNYTOWN RD STE 300
CASSELBERRY FL  32707-3862  (ECF)

Kenneth E Aaron
Weir & Partners LLP
The Widener Building - Suite 500
1339 Chestnut Street
Philadelphia, PA 19107-3519  (ECF)

CIT TECHNOLOGY FIN SERV, INC.
21719 NETWORK PLACE
CHICAGO, IL 60673-1217

CIT Vendor Finance
c/o Diane Noller Wells, Esq.
Devine Goodman Rasco & Wells, P.A.
777 Brickell Ave., Suite 850
Miami, FL 33131-2811  (ECF)

Campbell, Ken
8400 Darlene Drive
Orlando, FL 32836-5902

Stewart Cohen
Stewart Cohen PA
1510 East Colonial Drive
Suite 305
Orlando, FL 32803-4790  (ECF)

Comfeld, Robert
3850 Hollywood Blvd.
Suite 1400
Hollywood, FL 33021-6748

DEX IMAGING INC
5109 W. LEMON STREET
TAMPA, FL 33609-1102

Denise D Dell-Powell
Burr & Forman LLP
450 S Orange Avenue
Suite 200
Orlando, FL 32801-3385  (ECF)

E-TECHSERVICES.COM, INC.
5220 SW 91ST TERRACE
GAINESVILLE, FL 32608-7124

Daniel M Eliades
Forman, Holt, Eliades & Ravin LLC
80 Route 4 East, Suite 290
Paramus, NJ 07652-2661  (ECF)

FLORIDA POWER CORP.
DBA PROGRESS ENERGY FLORIDA
PO BOX 33199
ST PETERSBURG, FL 33733-8199

Fey, Larry
Kolodziej Eisen and Fey
10061 West Lincoln Highway
Farnfort IL 60423-1272

Steven E Fox
Epstein Becker & Green PC
250 Park Avenue
New York, NY 10177-1211  (ECF)

Gibellina, Ronald
4513 Grove
Brookfield, IL 60513-2556

Elizabeth A Green
Baker & Hostetler LLP
200 S Orange Ave
Suntrust Center, Suite 2300
Orlando, FL 32801-3410  (ECF)

Mark D. Hildreth
Shumaker, Loop & Kendrick, LLP
P. O. Box 49948
Sarasota, FL 34230-6948  (ECF)

INTERVAL INTERNATIONAL INC
ATTN: ACCOUNTING DEPARTMENT
6262 SUNSET DRIVE
MIAMI, FL 33143-4843

Island One, Inc.
8680 Commodity Circle
Orlando, FL 32819-9000

Jaguar Credit
c/o Roger A. Kelly
PO Box 3146
Orlando, FL 32802-3146  (ECF)

John J Rapisardi
One World Financial Center
New York NY 10281-1003

KIRBY OIL CO., INC.
P O BOX 567
LAKE CITY, FL 32056-0567

Roger A Kelly
Rush, Marshall, Jones & Kelly, P.A.
Post Office Box 3146
Orlando, FL 32802-3146  (ECF)

Stephen D. Korshak
Korshak & Associates
8680 Commodity Circle
Suite 200B
Orlando, FL 32819-9000

Lawrence M Kosto
Kosto & Rotella PA
Post Office Box 113
Orlando, FL 32802-0113  (ECF)

Mindy Y Kubs
Maynard Cooper & Gale
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203  (ECF)

Andrew W Lennox
Hill Ward Henderson
3700 Bank of America Plaza
101 E. Kennedy Blvd.
Tampa, FL 33602-5179  (ECF)

| | | |
|---|---|---|
| Liberty Bank<br>c/o R. Jeffrey Smith<br>Bingham McCutchen, LLP<br>One State Street, Suite 1400<br>Hartford, CT 06103-3100 | Liberty Bank, N.A.<br>c/o Kathleen S. McLeroy<br>Carlton Fields, P.A.<br>P.O. Box 3239<br>Tampa, FL 33601-3239 (ECF) | MAGIC MEDIA<br>C/O BORDEN, JONES & MITCHELL, LC<br>P.O. BOX 544<br>CARROLLTON, GA 30112-0010 |
| (c)KEVIN E MANGUM<br>MANGUM & ASSOCIATES PA<br>101 SUNNYTOWN RD STE 300<br>CASSELBERRY FL 32707-3862 (ECF) | Frank F McGinn<br>Bartlett Hackett Feinberg PC<br>155 Federal Street<br>9th Floor<br>Boston, MA 02110-1610 (ECF) | Kathleen McLeroy<br>Carlton Fields<br>4221 West Boy Scout Boulevard Suite 1000<br>Tampa, FL 33607-5780 (ECF) |
| Kathleen S. McLeroy<br>Carlton Fields PA<br>PO Box 3239<br>Tampa, FL 33601-3239 (ECF) | Miami-Dade County Tax Collector<br>Miami Dade Bankruptcy Unit<br>140 West Flagler Street, Suite 1403<br>Miami, FL 33130-1561 | Miami-Dade County Tax Collector<br>c/o Melinda S. Thornton, Esq.<br>Stephen P. Clark Center<br>111 N. W. 1st Street, Suite 2810<br>Miami, FL 33128-1930 (ECF) |
| Old Florida National Bank<br>60 North Court Avenue<br>Orlando, FL 32801-2409 | Old Florida National Bank<br>c/o Jason A. Rosenthal<br>4798 New Broad Street, Suite 310<br>Orlando, FL 32814-6436 (ECF) | PAETEC<br>PO BOX 1283<br>BUFFALO, NY 14240-1283 |
| PENINSULA RESORT MANAGEMENT<br>LLC<br>2424 N. ATLANTIC AVE.<br>DAYTONA BEACH, FL 32118-3245 | PMAT BELLAIR, LLC<br>C/O PROPERTY ONE, INC.<br>4141 VETERANS BLVD, STE 300<br>METAIRIE, LA 70002 | PMAT Bellair, L.L.C.<br>c/o Andrew W. Lennox<br>Hill, Ward & Henderson, P.A.<br>P.O. Box 2231<br>Tampa, FL 33601-2231 (ECF) |
| Jimmy D Parrish<br>Baker & Hostetler LLP<br>200 S Orange Avenue<br>SunTrust Center - Suite 2300<br>Orlando, FL 32801-3410 (ECF) | Tiffany D Payne<br>Baker Hostetler<br>PO Box 112<br>Orlando, FL 32802-0112 (ECF) | Quentin Walsh<br>10 Francis Road<br>Wellesley MA 02482-4703 |
| RIVERPOINT SOLUTIONS GROUP, LLC<br>2200 E DEVON AVE, STE 385<br>DES PLAINS, IL 60018-4590 | John J Rapisardi<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281-1003 | Jason A Rosenthal<br>The Rosenthal Law Firm PA<br>212 Pasadena Place<br>Suite A<br>Orlando, FL 32803-3862 (ECF) |
| SURVEY SERVICES CO., LLC<br>27-28 KING CROSS ST<br>CHRISTIANSTED, VI 00820 | R Scott Shuker<br>Latham Shuker Eden & Beaudine LLP<br>Post Office Box 3353<br>Orlando, FL 32802-3353 (ECF) | Zachary H Smith<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281-1003 |
| Steven J Solomon<br>GrayRobinson<br>1221 Brickell Avenue, 16th Floor<br>Miami, FL 33131-3224 (ECF) | H. Bradley Staggs<br>Bush Ross, P.A.<br>PO Box 3913<br>Tampa, FL 33601-3913 (ECF) | Miriam G Suarez<br>United States Trustee<br>135 West Central Blvd Suite 620<br>Orlando, FL 32801-2440 (ECF) |
| Sysco Central Florida Inc f/k/a Sysco Food S<br>c/o Stewart Cohen, Esq.<br>1510 E. Colonial Drive, Suite 305<br>Orlando, FL 32803-4734 (ECF) | THE SCOTT PARTNERSHIP<br>ARCHITECTURE, INC.<br>429 S.KELLER RD.SUITE 200<br>ORLANDO, FL 32810-7187 | Frank P Terzo<br>GrayRobinson<br>1221 Brickell Avenue<br>Suite 1650<br>Miami, FL 33131-3259 (ECF) |

| | | |
|---|---|---|
| Melinda S Thornton<br>Miami-Dade County Attorney's Office<br>Stephen P Clark Center<br>111 Northwest 1st Street - Suite 2810<br>Miami, FL 33128-1930  (ECF) | United States Trustee - ORL<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801-2440 (ECF) | VIRGIN ISLANDS DESIGN BUILD GROUP, LLC<br>5031 COTTON VALLEY 55 H&C<br>CHRISTIANSTED, ST.CROIX, VI 00820 |
| WESTERN RESERVE PARTNERS, LLC<br>200 PUBLIC SQUARE, STE 3750<br>CLEVELAND, OH 44114-2321 | Diane Noller Wells<br>Devine Goodman Rasco & Wells PA<br>777 Brickell Avenue<br>Suite 850<br>Miami, FL 33131-2811 (ECF) | Edmund S Whitson III<br>Akerman Senterfitt<br>Sun Trust Financial Centre #1700<br>401 East Jackson Street<br>Tampa, FL 33602-5233 (ECF) |
| Zachary H Smith<br>One World Financial Center<br>New York NY 10281-1003  (DUP) | | |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

| | | |
|---|---|---|
| Automated Merchant Systems, Inc.<br>c/o Kevin E. Mangum, Esq.<br>5100 Hwy 17-92, Suite 300<br>Casselberry, FL 32707 | Kevin E Mangum<br>Mangum & Associates PA<br>5100 Highway 17-92<br>Suite 300<br>Casselberry, FL 32707 | End of Label Matrix<br>Mailable recipients    66<br>Bypassed recipients     0<br>Total                  66 |