UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

**ISLAND ONE, INC., et al.**

Debtors.

**APPLICABLE DEBTOR:**

**ST. CROIX ONE, LLC**
**CASE NO.: 6:10-BK-16180**

CASE NO. 6:10-bk-16177-KSJ

CHAPTER 11

Jointly Administered with Case Nos.
6:10-bk-16179-KSJ, 6:10-bk-16180-KSJ,
6:10-bk-16182-KSJ, 6:10-bk-16183-KSJ,
6:10-bk-16189-KSJ

## *AMENDED* ORDER AUTHORIZING DEBTORS TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT

THIS CAUSE came on for hearing on the 16th day of February, 2011, upon the Debtors' Motion for Approval of an Insurance Premium Finance Agreement (the "Motion") (Doc. No. 309) and upon the Debtor's Emergency Motion for Amended Order Authorizing Debtors to Enter into Insurance Premium Finance Agreement filed on March 3, 2011 (the "Emergency Motion") (Doc. No. 347). The Court, having considered the Emergency Motion, the agreements of the parties and the law, and it appearing that good cause has been shown and being otherwise fully advised in the premises, it is

ORDERED:

1. The Emergency Motion (Doc. No. 347) is granted.

2. The Debtor is authorized to: (a) enter into the premium finance agreement attached to the Motion as Exhibit "A" (the "Agreement"), which is made a part hereof by reference; (b) grant PREMIUM ASSIGNMENT CORPORATION ("PAC"), or its successor or

assigns a first priority lien on and security interest in unearned premiums as described in the Agreement; and (c) pay PAC or its successor or assigns all sums due under the Agreement.

3. The liens, security interests and rights in unearned premiums granted under the Agreement are senior to the lien of any DIP Lender in this Case and are senior to any claims under 11 U.S.C. §§ 503, 506(b) or 507(b).

4. If additional premiums become due to insurance companies under the policies financed in the Agreement, the Debtor and PAC, or its successor or assigns, are authorized to modify the Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5. In the event PAC or its assigns fail to receive any payment due under the Agreement within fifteen (15) days of the due date, after sufficient notice and an opportunity to cure, the automatic stay provided by 11 U.S.C. § 362 shall thereupon be terminated without the necessity of a motion, further hearing or order of this Court to permit PAC or its successor or assigns to exercise its rights and remedies under the Agreement, including without limitation the rights to: (a) cancel the financed insurance policy(ies), and (b) collect and apply unearned premiums payable under the financed policy(ies) to the balance owed under the Agreement.

6. If the collection and application of unearned premiums is insufficient to pay the balance owed under the Agreement, PAC or its successor or assigns may within 21 days after the collection and application of such unearned premiums file a proof of claim for the unsatisfied amount of any indebtedness under the Agreement notwithstanding the passage of any bar date for the filing of proofs of claim.

7. The rights of PAC or its successor or assigns under the Agreement are fully preserved and protected and shall remain unimpaired by this Bankruptcy proceeding, and shall

remain in full force and effect, notwithstanding the subsequent conversion of this proceeding to one under Chapter 7 or any other provision of the United States Bankruptcy Code.

8. PAC's liens and security interests shall be deemed duly perfected without further action by PAC.

9. In order to enable the Debtor to have immediate insurance coverage, the ten day stay of this order pursuant to Bankruptcy Rule 6004(h) shall not apply, and the relief herein granted is effective immediately upon entry.

10. The Court retains jurisdiction to construe and enforce this Order.

DONE AND ORDERED on March 3, 2011.

_____
KAREN S. JENNEMANN
United States Bankruptcy Judge

*Copies furnished to:*

Debtors: Island One, Inc., attn: Deborah L. Linden, 8680 Commodity Circle, Orlando, FL 32819;

Counsel for the Debtors: Elizabeth Green, Esq./Tiffany D. Payne, Esq., Baker Hostetler P.O. Box 112, Orlando, FL 32802-0112;

Official Committee of Unsecured Creditors of Island One, Inc., et al., c/o Bush Ross, P.A. Attn: H. Bradley Staggs, Esq., Post Office Box 3913, Tampa, FL 33601-3913;

Counsel for BB&T Acquired Asset Group: Frank P. Terzo and Steven J. Solomon, Gray Robinson, P.A., 1221 Brickell Avenue, #1600, Miami, FL 33131;

Counsel for Textron Financial: Steven Fox, Esq., Epstein, Becker & Green, 250 Park Ave., New York, NY 10177 and Denise D. Dell-Powell, Burr & Forman, LLP, 450 South Orange Avenue, Suite 200, Orlando, Florida 32801

Counsel for Liberty Bank: Jonathan B. Alter and R. Jeffrey Smith, Bingham McCutchen, LLP, One State Street, Suite 1400, Hartford, CT 06103 and Kathleen S. McLeroy, Carlton Fields, P.O. Box 3239, Tampa, FL 33601-3239;

Counsel for Old Florida National Bank: Jason A. Rosenthal, 4798 New Broad Street, Suite 310, Orlando, FL 32814-6436;

U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, FL 32801; and

Local Rule 1007-2 Parties in Interest List.