UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. : 6:10-bk-16177-KSJ |
| ISLAND ONE, INC., *et al.*, | Chapter 11 |
| Debtors. | **Jointly Administered with Case Nos.:** **6:10-bk-16179-KSJ; 6:10-bk-16180-KSJ;** **6:10-bk-16182-KSJ; 6:10-bk-16183-KSJ** **and 6:10-bk-16189-KSJ** |

**ORDER GRANTING LIQUIDATING
TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING AND APPROVING
SALE OF PROPERTY FREE AND CLEAR; (II) APPROVING
PURCHASE AND SALE AGREEMENT BETWEEN CHRISTIANSTED
ISLAND HOTEL, LLC AND LIQUIDATING TRUSTEE; (III) CLOSING
BANKRUPTCY CASE; AND (IV) GRANTING RELATED RELIEF [DE #1023]**

THIS PROCEEDING came before the Court for hearing on September 24, 2014, at 2:00 p.m. in Orlando, Florida (the "Sale Hearing") upon the *Liquidating Trustee's Motion for Entry of an Order (I) Authorizing and Approving Sale of Property Free and Clear; (II) Approving Purchase and Sale Agreement Between Christiansted Island Hotel, LLC and Liquidating Trustee; (III) Approving Break-Up Fee; (IV) Closing Bankruptcy Case and (V) Granting Related Relief* [DE #1023] (the "Motion") filed by Barry Mukamal, in his capacity as Liquidating Trustee (the "Trustee"), of the SCO Trust[1] in the above-referenced cases.

The Court having reviewed and considered the entire record in this matter, including the arguments of counsel for the various parties reflected in the record at the Sale Hearing; the Motion and notice of the Sale Hearing having been served on (i) the Office of the United States Trustee for the Middle District of Florida; (ii) counsel to the Island One Unsecured Creditor Trust; (iii) counsel to Virgin Islands Design Group, LLC; (iv) all parties that have expressed to

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

\350060\1 - # 1447646 v5

the Trustee an interest in purchasing the Property; (v) all unit owners identified on the service list attached to the Motion; and (v) all parties who have filed notices of appearances and requests for pleadings in these chapter 11 cases; the appearances of all interested parties having been duly noted in the record of the Sale Hearing; the Court acknowledging that no responses or objections to the Motion have been filed; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND:**

A.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  The Court has jurisdiction to hear and determine the Motion and all related matters pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. § 1408. The statutory predicate for the relief granted herein is Bankruptcy Code §§ 350(a), 363(b), 363(f) and 363(m), as supplemented by Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

C.  Proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the terms and conditions of the Sale Agreement, as amended by the Addendum to Purchase and Sale Agreement, effective July 31, 2014 (the "First Addendum") (a copy of which is attached as Exhibit "B" to the Motion) and the Second Addendum to Purchase and Sale Agreement, effective September 12, 2014 (the "Second Addendum" and together with the First Addendum, the "Addenda"), and the sale was provided to all parties in interest in accordance with Sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and the local rules of

\350060\1 - # 1447646 v5

this Court. Such notice was good, sufficient and appropriate under the particular circumstances. No other or further notice of the Motion, the Sale Hearing or the sale of the Property is or shall be required.

D. As demonstrated by evidence proffered at the Sale Hearing and the representations of counsel made on the record at the Sale Hearing, the Trustee and his counsel have: (i) conducted the sale process with respect to the Property in an open, fair and thorough manner and (ii) engaged in adequate, sufficient and reasonable marketing of the Property designed to generate interest in the Property. The Court is satisfied that no further marketing of the Property is necessary and would not result in a higher or better bid being identified or negotiated, after considering, among other things, the time, costs and resources needed to continue any marketing process, as well as the resources of the SCO Trust.

E. Through a competitive sale process, the Trustee and his counsel afforded potential purchasers a full, fair and reasonable opportunity to make an offer to purchase the Property. No offer to purchase the Property was submitted to the Trustee by an interested third party prior to or at the Sale Hearing.

F. A legal description of the Property is included on Exhibit "B" of the Sale Agreement, which is incorporated herein by reference, and shall include all right, title and interest held by St. Croix One, LLC and/or the SCO Trust as developer and/or owner of the Property, including but not limited to the rights as developer to amend the condominium documents and timeshare documents governing the real estate included in the Property, and all such rights of St. Croix One, LLC and/or the SCO Trust as mortgagee/payee under the third party purchase money mortgages (the "Purchase Money Mortgages") encumbering units sold to third parties.

3

G. The purchase price to be paid by Christiansted Island Hotel, LLC, a St. Croix limited liability company (the "Purchaser"), to the Trustee in the amount of $3,075,000.00, subject to the adjustments set forth in Second Addendum (the "Purchase Price"), is fair and adequate consideration for the Property, the highest and best price received for the Property and demonstrates an exercise of the Trustee's reasoned business judgment.

H. The Trustee has demonstrated and proven to the satisfaction of the Court good, sufficient, and sound business purposes and justifications for the sale of the Property and consummation of the sale pursuant to Section 363(b) of the Bankruptcy Code. Entry into the Sale Agreement, as amended by the Addenda, and consummation of the sale of the Property constitute the exercise by the Trustee of sound business judgment and such acts are in the best interests of the Debtors' estate, its creditors and the beneficiaries of the SCO Trust. The business reasons justifying the sale of the Property include, but are not limited to, the facts that (i) the Purchase Price to be paid by Purchaser constitutes the highest and best offer for the Property and (ii) the Sale Agreement and closing of the sale of the Property (the "Closing") will present the best opportunity to realize the value of the Property.

I. The Sale Agreement, as amended by the Addenda, and the sale of the Property were negotiated and have been and are undertaken by the Trustee and Purchaser at arm's length, without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Trustee and Purchaser are entitled to the protections of Section 363(m) of the Bankruptcy Code. Neither the Trustee nor Purchaser has engaged in any conduct that would cause or permit the Sale Agreement to be avoided under Section 363(n) of the Bankruptcy Code. Purchaser has not otherwise violated Section 363(n) by any action or inaction.

\350060\1 - # 1447646 v5

J.   The aggregate consideration provided by Purchaser for the Property pursuant to the Sale Agreement, as amended by the Addenda, (i) is fair and reasonable and (ii) is the highest or best offer for the Property. The terms and conditions of the Sale Agreement, as amended by the Addenda, are fair and reasonable. Therefore, the sale contemplated by the Sale Agreement, as amended by the Addenda, is in the best interests of the Debtor's estate, its creditors, the beneficiaries of the SCO Trust and other parties in interest and is an exercise of the Trustee's sound business judgment.

K.   A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

L.   The transfer of the Property to Purchaser will be a legal, valid and effective transfer of the Property and will vest Purchaser with all right, title and interest of the Debtors and Trustee in and to the Property free and clear of all liens, claims and interests, including (but not limited to and except for the Permitted Encumbrances): (i) all security interests, pledges, liens, judgments, demands, encumbrances, or charges of any kind or nature, including, but not limited to, any restriction on the use, transfer, or other exercise of any attributes of ownership; and (ii) all debts arising in any way in connection with any agreements, acts, or failures to act, of the Debtors' predecessors or affiliates, claims, obligations, liabilities, demands, guarantees, options, rights, contractual or other commitments, restrictions, interests, and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity, or otherwise, including (but not limited to) claims otherwise arising under doctrines of successor liability (collectively, "Interests").

M.   Purchaser would not have submitted the Purchase Price and entered into the Sale

Agreement, as amended by the Addenda, and would not consummate the sale of the Property, thus adversely affecting the Debtor's estate and its creditors, if the sale of the Property to Purchaser was not free and clear of all Interests of any kind or nature whatsoever (other than as set forth in the Sale Agreement, as amended by the Addenda), or if Purchaser would, or in the future could, be liable for the any of the Interests.

N. The Trustee may sell the Property free and clear of all Interests of any kind or nature whatsoever because one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Specifically, each entity with a security interest in the Property has consented to the sale, is deemed to have consented in the sale, or could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest, or the sale of the Property otherwise satisfies the requirements of Section 363(f) of the Bankruptcy Code. To that end, those parties with interests, if any, in the Property who did not object to the Sale Agreement, as amended by the Addenda, or the Motion are deemed to have consented to such sale pursuant to Section 363(f)(2) of the Bankruptcy Code.

O. Approval of the Sale Agreement, as amended by the Addenda, and consummation of the sale of the Property at this time are in the best interests of the Debtor's estate, its creditors, beneficiaries of the SCO Trust and other parties in interest.

P. Time is of the essence in closing the sale of the Property and the Trustee and Purchaser intend to close the sale of the Property as soon as possible.

Q. Upon the Closing of the sale of Property, all assets of the estate of Debtor, St. Croix One, LLC, will be fully administered.

For all of the foregoing reasons and after due deliberation,

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED**.

2. Good and adequate notice of the hearing to consider approval of the Motion has been provided under the circumstances.

3. The sale of the Property to Purchaser pursuant to the Sale Agreement, as amended by the Addenda, is hereby approved in all respects. The terms and conditions set forth in the Sale Agreement, as amended by the Addenda, are hereby incorporated by reference.

4. Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is authorized to perform all of obligations under, and to comply with the terms of, the Sale Agreement, as amended by the Addenda, and to consummate the sale of the Property pursuant to, and in accordance with, the terms and conditions of the Sale Agreement, as amended by the Addenda.

5. The Trustee is authorized to execute, deliver, perform under, consummate, and implement the Sale Agreement, as amended by the Addenda, together with any and all additional instruments and documents, including, but not limited to, instruments and documents relating to any and all developer rights to the Property held by St. Croix One, LLC and/or the SCO Trust, that may be necessary or desirable to implement the Sale Agreement, as amended by the Addenda, and is authorized to take any and all further actions as may be reasonably requested by Purchaser and provided for in the Sale Agreement, as amended by the Addenda, for the purpose of assigning, transferring, granting, conveying, and conferring to Purchaser or reducing to possession, the Property and the Purchase Money Mortgages, or as may be necessary, desirable or appropriate in connection with the performance by the Trustee of its obligations under the Sale Agreement, as amended by the Addenda.

6. The Purchase Price of $3,075,000.00 shall be reduced by $175,000.00 if Closing is completed on or before 5:00 p.m. Tampa, Florida time on or before September 30, 2014.

\350060\1 - # 1447646 v5

Purchaser may extend the Closing up to, but no later than 5:00 p.m., Tampa, Florida time on October 31, 2014 (the "Outside Closing Date") and the Purchase Price shall increase in an amount equal to $6,000.00 per day subsequent to September 30, 2014 through the actual day of closing on or before the Outside Closing Date.

7. Upon closing, the Trustee shall pay all outstanding quarterly fees, if any, to the United States Trustee in full from the cash proceeds of the sale and shall set aside sufficient funds from the sale for the payment of quarterly fees not yet due.

8. Within ten (10) days of the Closing Date, the Trustee shall file a closing statement in accordance with Bankruptcy Rule 6004(f)(1).

9. Upon the Trustee's filing of a notice of Closing of the proposed sale of Property to Purchaser, the Clerk of Court is directed, without further court order, to close Chapter 11 Case No. 6:10-bk-16180-KSJ.

10. This Order and the Sale Agreement, as amended by the Addenda, shall be binding in all respects upon: (i) all creditors (whether known or unknown) of the Debtors, (ii) all non-debtor parties who claim any Interest in the Property, (iii) Purchaser, including all of its affiliates, subsidiaries, successors and assigns, (iv) the Trustee, including all of his affiliates, subsidiaries, successors and assigns, and (v) the Debtors, including their affiliates and subsidiaries.

11. Except as expressly permitted or otherwise specifically provided for in the Sale Agreement, as amended by the Addenda, or this Order, pursuant to Section 363(f) of the Bankruptcy Code, at the Closing and upon consummation of the Sale of the Property, Purchaser shall receive the Property "AS IS, WHERE IS" and (i) Purchaser shall waive any objections to title under the Sale Agreement, as amended by the Addenda, and such title defects as may have

been assertable by Purchaser shall not be a basis for termination of the Sale Agreement, as amended by the Addenda; (ii) except for the Risk of Loss provisions of Section 37, the Purchaser shall accept the present physical condition of the Property AS IS, WHERE IS and waive any claim for defect of the condition of the Property at the time of Closing; and (iii) Purchaser shall waive any right to terminate due to the current lapse or non-existence of any permits and/or approvals required for the operation of the resort and Property or any portion thereof.

12. The Trustee shall continue to coordinate with Purchaser to clarify the status of title, including paying for and obtaining a survey for the corrective recording of same and to prepare amendments to the existing condominium documents and timeshare documents and to clarify or reinforce any other related issues of title. Such amending documents will be recorded in conjunction with closing or may be recorded subsequent thereto. Notwithstanding that the Trustee will assist and cooperate with Purchaser in obtaining these changes, the status of title under the Sale Agreement, as amended by the Addenda, has been accepted by Purchaser and the progress or lack thereof with regard to these continuing title efforts shall not be a basis to terminate the Sale Agreement, as amended by the Addenda. Should Purchaser fail to close as contemplated by the Sale Agreement, as amended by the Addenda, the Trustee's sole and exclusive remedy shall be to retain the Earnest Money that is non-refundable as provided in the Second Addendum.

13. The transfer of the Property to Purchaser pursuant to the Sale Agreement, as amended by the Addenda, does not require any consents other than as specifically provided for in the Sale Agreement, as amended by the Addenda, and constitutes a legal, valid, and effective transfer of the Property, and shall vest Purchaser with all right, title, and interest of the Debtors in and to the Property free and clear of all Interests of any kind or nature whatsoever.

\350060\1 - # 1447646 v5

14. The Purchase Price to be paid by Purchaser constitutes reasonably equivalent value and fair consideration for the Property under the Bankruptcy Code, and the sale of the Property may not be avoided under Section 363(n) of the Bankruptcy Code.

15. Due to the failure of any third party to submit a Competing Bid for the purchase of the Property at the Sale Hearing, Purchaser shall not be entitled to receive any payment on account of the Break-Up Fee proposed in the Motion.

16. This Order (a) shall be effective as a determination that, upon Closing, all Interests of any kind or nature whatsoever existing as to the Property prior to the Closing have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property.

17. Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the sale of the Property contemplated by the Sale Agreement, as amended by the Addenda.

18. Except as expressly permitted or otherwise specifically provided for in the Sale Agreement, as amended by the Addenda, or this Order, Purchaser shall have no liability or responsibility for any liability or other obligation of the Debtors or Trustee related to the Property.

\350060\1 - # 1447646 v5

19. Under no circumstances shall Purchaser be deemed a successor of or to the Debtors or Trustee for any Interests against or in the Property of any kind or nature whatsoever other than as provided for in the Sale Agreement, as amended by the Addenda, or this Order. Except as otherwise provided for in the Sale Agreement, as amended by the Addenda, or this Order, the sale and transfer of the Property shall not be subject to any Interests. All persons holding Interests against or in the Property of any kind or nature whatsoever shall be, and are, forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Interests against Purchaser, and its property, successors and assigns, or the Property, as an alleged successor or otherwise, with respect to any Interest of any kind or nature whatsoever such person or entity had, has, or may have against the Debtors, their estates, officers, directors, shareholders or the Property. Following the Closing, no holder of any Interest in the Debtors shall interfere with Purchaser's title to or sue and enjoyment of the Property based on or related to such Interest.

20. The sale of the Property contemplated by the Sale Agreement, as amended by the Addenda, is undertaken by Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale of the Property to Purchaser, unless such authorization is duly stayed pending such appeal. Purchaser is a purchaser in good faith of the Property and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

21. The failure specifically to include any particular provisions of the Sale Agreement, as amended by the Addenda, in this Order shall not diminish or impair the

11

\350060\1 - # 1447646 v5

effectiveness of such provisions, it being the intent of the Court that the Sale Agreement, as amended by the Addenda, be authorized and approved in its entirety.

22. The Sale Agreement, as amended by the Addenda, and related documents may be modified, amended or supplemented by the parties thereto without further order of the Court, provided that any such modification, amendment or supplement is not material.

23. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Order.

24. Pursuant to Bankruptcy Rule 6004(g), the Court waives the fourteen (14) day stay of this Order. Accordingly, this Order is immediately effective and enforceable.

DONE AND ORDERED in Chambers at Orlando, Florida.

DATED: September 24, 2014

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Attorney Frank P. Terzo is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.

\350060\1 - # 1447646 v5